### WINSLOW *vs.* COLLINS.

An appeal will not lie from a decision of a vice chancellor as to the costs of an interlocutory proceeding, where such costs rest in discretion.

But where costs are disposed of as matter of relief, or are given or refused contrary to a statute, or to the settled practice of the court, an appeal may be sustained as to such costs.

The revised statutes authorize an appeal from a decree as to the general costs in a cause, provided the appeal is entered within fifteen days after notice of the decree.

THIS was an appeal from so much of an interlocutory order of the vice chancellor of the 8th circuit as directed the complainant to pay the costs of the application.

*J. Rhoades,* for the complainant.

*M. T. Reynolds,* for the defendant.

THE CHANCELLOR.    The object of this appeal is to review the decision of the vice chancellor, allowing costs to the defendant, upon setting aside a proceeding of the complainant for an irregularity.    The costs in this court, and particularly on special motions, are so entirely in the discretion of the court, that it must be a plain and palpable case of injustice which would authorize an appellate court to interfere, even if an appeal as to costs were expressly allowed by law.    But I apprehend the appellant's solicitor has entirely mistaken the practice of the court in supposing that an appeal would lie, as to interlocutory costs which rest in discretion.    By the English practice, neither an appeal or a rehearing will be sustained in relation to questions of costs which rest in discretion merely; but where costs are disposed of as matters of relief; or where they are given or refused contrary to statute, or the settled practice of the court, an appeal may be sustained.    Also, where a party appeals upon a substantial ground, as in a case where there is really a doubt as to the correctness of the decision of the judge *a quo* upon the merits of the cause, the appellate court may vary the decree as to costs, if it is clearly wrong ; although the appellant should fail upon the substantial ground of appeal.    (*Owen* v. *Griffith,* 1 *Ves. sen.* 250. *Cowper* v. *Scott,* 1 *Eden's Rep.* 17.    *Wirdman* v. *Kent,* 1 *Bro. Ch. Cas.* 140.    *Jenour* v. *Jenour,* 10 *Ves. Rep.* 562.    *Taylor* v. *Popham,* 15 *id.* 72.    *Fitzgibbon* v. *Scanlan,* 1 *Dow's Rep.* 270.    *Attorney-General* v. *Butcher,* 4 *Russell's Rep.* 180.)    In *Eastburn* v. *Kirk,* (2 *John. Ch. Rep.* 319,) Chancellor Kent recognized the rule that a party cannot have a rehearing, or an appeal for costs merely, except in special cases.    And in the state of South Carolina, where, as in this state, the appeal is given by statute, it has been decided that an appeal as to costs which are merely discretionary, cannot be sustained.    (*Lewis* v. *Wilson,* 1 *McCord's Ch. Rep.* 210.)

Under the revised statutes the legislature have authorized an appeal from a decree as to the general costs in a cause ;

provided such appeal is entered within fifteen days after notice of the decree. (2 *R. S.* 604, § 79.) And from this provision it is evident they never intended to encourage or authorize an appeal from every order of the court giving or refusing a few dollars costs, on a petition or special motion. In such cases the extra expense to the appellant would generally exceed the amount of the costs in controversy, even if he succeeded in his appeal. And neither the legislature or the court will encourage such useless litigation, where the suitors cannot possibly be benefitted thereby. (*See Ashby* v. *Kiger,* 3 *Rand. Rep.* 165.)

The appeal in this case does not lie upon the question of costs merely ; and it must be dismissed, with costs to be paid by the appellant.