1834.

Buloid
v.
Miller.

BULOID and wife *vs.* MILLER and others.

To entitle the exceptant to the costs of the reference on exceptions, he must succeed finally in obtaining the allowance of a major part, in number, of the exceptions referred; and each exception constituting a part of such majority must be wholly sustained.

An appeal lies from an interlocutory order charging the appellant with costs, if such costs are given contrary to statute, or to a standing rule of the court, and do not rest in discretion merely.

So where a party is entitled to costs as a matter of strict right, if the court below refuses to give costs, the erroneous decision as to such costs may be corrected on an appeal.

THIS was an appeal from an order of a vice chancellor, over- July 15. ruling an exception to a master's report, on exceptions to the answer of Charles Lydia White, one of the defendants. The complainant took nineteen exceptions to the answer; a part of which were for insufficiency, and the residue for impertinence. The master allowed eight of the exceptions entirely, and disallowed nine. Of the remaining two exceptions, he allowed a part of each, and disallowed the residue. The vice chancellor overruled the exception to the master's report; and considering the major part of the exceptions to the answer as finally allowed, he charged the defendant with the costs of the reference.

*T. Fessenden*, for the complainants.

*W. Silliman*, for the defendant, C. L. White.

THE CHANCELLOR. I see no substantial objection to the form of the exceptions for insufficiency which have been allowed by the master. The principles upon which exceptions for insufficiency should be framed, have been so fully discussed in the recent case of *Stafford* v. *Brown*, (4 *Paige's Rep.* 88,) that it would be a useless waste of time for me again to examine that subject particularly. It is only necessary, therefore,

1834.

Buloid
v.
Miller.

for me to say that the complainant, in his exceptions, must state what parts of the bill he conceives not fully answered; setting forth the particular points wherein the answer is defective, and praying that the defendant may in those respects put in a full and perfect answer. Which exceptions must be founded upon some allegation, charge, or interrogatory, in the bill, which is not fully answered. (1 *Bro. Ch. Pr.* 11.) And if the exceptions are informal or defective, in these respects, they should be disallowed by the master on the reference. It is doubtful whether the 18th and 19th exceptions are not defective in substance, as not being founded upon any allegation, charge, or interrogatory in the bill. The first and sixth exceptions, however, refer with sufficient certainty to parts of the bill to which the complainants were entitled to an answer, and which are not fully answered. Some of the exceptions for impertinence are informal, and should have been disallowed by the master, on the ground that they do not describe the impertinent matter with sufficient certainty to enable the register, or clerk, to see at once what is to be expunged from the answer, if the exceptions are allowed. And the master should have disallowed those exceptions wholly, in which any pertinent matter was included, and should not have allowed them in part. (*Atkinson's Ch. Prac.* 65.) But as one exception only was taken to the master's report, the vice chancellor was right in overruling that exception; the decision of the master being unquestionably right as to some of the exceptions to the answer. And the question as to the costs of the reference must be disposed of in the same manner as if the decision of the master had been found correct as to all the exceptions referred to him. The question as to the regularity of the order referring the exceptions to the master, could not properly arise upon an exception to the report. If the order was improperly entered, the remedy of the defendant was by an application to the court to set aside the order for irregularity.

I am satisfied the vice chancellor erred in allowing the complainants the costs of the reference. The 63d rule provides that no part of the costs of the reference, upon exceptions, shall be allowed to the party obtaining such reference,

unless the major part of the exceptions referred are finally allowed. In this case nineteen exceptions to the answer were taken ; only eight of which were finally allowed, and nine were disallowed. The two others were allowed in part and in part disallowed. The most favorable construction which could be given to this rule, in support of the complainant's claim for costs, would be to lay out of the question the two exceptions which have been allowed in part only. But upon that construction of the rule, the major part of the exceptions were not allowed, nor even a moiety of them. It would be necessary to consider the 5th and 15th exceptions, which are allowed only in part, as wholly allowed, to constitute the major part of the exceptions referred. I apprehend, however, that the true construction of this clause of the 63d rule is, that the exceptant must succeed wholly as to a majority of the exceptions referred, to entitle him to the costs of the reference. Although the practice has obtained of allowing a part of an exception for insufficiency, when the whole exception was not well taken, the practice of blending different and distinct questions in the same exception is not to be encouraged. To entitle the exceptant, therefore, to the costs of the reference, he must succeed in obtaining the allowance of a major part, in number, of the exceptions referred ; and each exception constituting a part of such majority must be wholly allowed.

The only remaining question to be considered is whether an appeal from an order granting or refusing costs, upon an interlocutory proceeding, can be sustained in any case. It is settled that an appeal from such an order will not lie, where the granting or refusing of costs in the particular case, rests merely in the discretion of the court. (*Winslow* v. *Collins,* 3 *Paige's Rep.* 88.) And, as a general rule, the giving or refusing of costs, upon an interlocutory proceeding in chancery, is discretionary merely. But in certain cases, the one party or the other is entitled to costs, under an express statutory enactment, or by a standing rule of the court. Where a party is entitled to costs as a matter of strict right, if the court below refuses to give costs, the erroneous decision of the court may be corrected on appeal. And an appeal also lies where the costs of an interlocutory proceeding have been erroneously

charged upon a party, contrary to law, or to a standing rule of the court. In the present case the rule is imperative, that no part of the costs of the reference shall be allowed to the exceptant, unless he succeeds in obtaining an allowance of the major part of the exceptions referred. There was no ground, therefore, for the exercise of discretion on the subject of such costs. And the defendant being charged with costs, upon an erroneous construction of the rule, that part of the vice chancellor's order must be reversed. The appellant having appealed from the whole order, and succeeded only as to a part thereof, neither party is to recover costs, as against the other, on this appeal.