## SUPREME COURT.

THEODORE GRAVES vs. LEONARD BLANCHARD et al., Assignees of Lee T. Rowley.

A referee, to whom the whole cause is referred, has power and is required, in cases falling under § 306 of the Code of Procedure, to decide the question of costs.

His power, in this respect, is the same as that of a judge of this court, at special term.

The case of *Van Valkenburgh* v. *Allendorf*, *ante*, page 40, explained.

*Washington Special Term, March,* 1850.—This was a bill in equity, filed in this court, in October, 1847. The cause was put at issue by a replication, and was brought to a hearing on pleadings and proofs, in October, 1848, at the Washington special term; and was then referred, by the consent of the solicitors to a sole referee "to hear the same and report thereon." On the 25th September, 1849, the referee made a report that

he had heard the proofs and allegations of the parties, and duly deliberated thereon, and that he found due to the plaintiff, from the defendants, the sum of $669.63. The decree then specified the manner in which the said sum was to be paid by the defendants, as amongst themselves; *directed that neither party should recover costs as against the other;* and dismissed the bill as to defendant Blossom, without costs.

A motion was made, on the part of the plaintiff, for costs. The motion was based upon the ground that the referee had no jurisdiction, under the order of reference of the question of costs, and that that part of his decision was a nullity. The motion was argued by the plaintiff's counsel, as if the cause stood for hearing on the equity reserved, as to the question of costs, and the argument embraced the whole merits of the cause.

B. F. AGAN, *for the plaintiff.*

J. GIBSON, *for defendant.*

WILLARD, Justice.—If the referee had jurisdiction of the question of costs, the present motion must be denied. For an error in granting or refusing the general costs of the cause, the remedy is by appeal. (2 R. S. 605, § 79.) Chapter 4 of title 11th of the Code is not applicable to this case. With respect to interlocutory costs resting in the discretion of the court, no appeal lay under the former practice. (See *Buloid* v. *Miller,* 4 Paige, 473 ; *Collins* v. *Winslow,* 3 Paige, 88.) An appeal from an order, granting or refusing the general costs, must be taken within fifteen days after notice of the order. (2 R. S. 605, § 79, *supra.*)

As this cause was pending on the first day of July, 1848, section five of the act to amend an act entitled an act to facilitate the determination of existing suits, in the courts of this state, passed April 11, 1849, is applicable to it. That section is the same as the corresponding section in the original act of April 12, 1848. It is in these words: "The report of the referee or referees, *upon the whole cause,* or upon the whole of any issue therein shall stand as the decision of the court, in the same manner as if the cause or issue had been determined by the court, at a special term, and may be reviewed in like manner."

On adverting to the order of reference it will be seen, that the *whole cause* was referred. It is thus: "On filing the written consent," &c. &c. "Ordered, that this cause be, and the same is hereby referred to Charles F. Ingalls, Esq. as the referee, *to hear the same and report thereon.*" The reference was not confined to some particular issue or fact, but embraced the cause; that is, the *whole cause,* without exception. The referee was required to *hear* the same; that is, to hear the whole

cause. As the whole comprehends all its parts, he was thus required to hear, as well the part of the cause which related to the costs, as that which related to the damages. The reference thus embraced not only the principal subject-matter, but everything incidental thereto. The referee was required to report thereon; that is, upon the whole subject of the reference, which in this case was the *whole cause.* (1 C. Reporter, 125, *Renouil* v. *Harris.*) A report, to be co-extensive with the cause, must embrace the question of costs as well as damages, or other relief, prayed for in the bill. The 5th section, before cited, enacts, that the report upon the *whole cause* shall stand as the decision of the court, in the same manner as if the cause had been determined by the court, at a special term, and may be reviewed in like manner.

Had this cause been determined at a special term, on pleadings and proofs, the decree would have embraced every question litigated in the cause, whether it related to the costs merely, or to the other relief sought. An appeal would have lain from the whole, or any part of the decree. The referee stands in the place of the judge, holding the special term. Having heard the whole cause upon its merits, he is the most fit person to decide upon the question, whether under § 306 of the code, costs shall be allowed or not, and if so, to which party. That section says that costs may be allowed or not, at the *discretion of the court.* The referee to whom the whole cause is referred, is the court to whose discretion this matter is confided. It is idle to say he is not the court for this purpose, if his decision is to stand as the decision of the court, and is open to appeal in like manner.

Whatever doubts formerly existed, it is now made clear that a judgment may be entered on the report of a referee, in the same manner as upon the decision of a judge, when the cause is tried by him. (§ 267, 278.) The mode of review is the same in both cases. In those actions where costs follow, as a matter of course, they are awarded as well upon the report of the referee as upon the decision of the judge, without any subsequent application to the court.

Although legal and equitable remedies have been merged by the code, and the distinction between the two abolished, yet, to a certain extent, the 306th section reminds us of the former practice, as it applies only to cases of equitable cognizance. Other sections prescribe costs in every case, where in actions at common law they were recoverable, and section 306 fills precisely the space which the Court of Chancery occupied, under the former system. A cause, where it is not prescribed by the code to which party costs shall be allowed, and where that matter is left to the discre-

tion of the court, contains one more element of discussion than other matters of litigation ; and the whole *cause* cannot be said to be decided, unless the question of costs is embraced in the judgment. If such cause be referred to a referee to report thereon, his report is incomplete, unless it covers the question of costs. Those remarks do not apply to cases where only a specific question has been referred. The report can never be broader than the order of reference.

The case of *Van Valkenburgh* v. *Allendorph et al.*, 4 Howard's Pr. Rep. 40, has been urged on the part of the plaintiff, as settling this question in his favor. Mr. Justice HAND, while expressing doubts on the subject, expressly admitted, that it was not necessary in that case, to decide the question, whether a referee, in cases falling within section 306, could report upon the question of costs ; and the point was left open. In the present case, it is directly involved and cannot be evaded.

While I entertain no doubt in this case, I cannot dismiss the subject without adding, that a decision which should take from the referee the power of deciding on the question of costs, under section 306, in cases where he is charged by the order of reference, *with the cause*, in contradistinction from a *specific question*, would be attended with intolerable inconvenience, delay and expense. No court is so well prepared to decide upon the question of costs, as the tribunal which has heard the whole cause and disposed of it on the merits. To put another tribunal in possession of the same means of correctly determining the question, the whole cause must be re-argued as fully as at first. Thus nothing would be gained by the reference, and the delay and expense of a second argument be incurred. So closely is the question of costs interwoven with the main issues in the cause, that courts will never hear an argument upon the question of costs, after the residue of the controversy has been adjusted by the parties.

A referee, under the code, is not merely a substitute for a master, under the former practice, but is clothed with the power of a judge at special term. When a *specific question* is referred to him, his office resembles that of a master ; when the *whole issue* is referred to him, he takes the place of the court ; his report thereon stands as its decision, and may be reviewed in like manner. (Code, § 271, 272.)

The report of the referee is conclusive until reversed by appeal, or a re-hearing be granted. The present motion, therefore, must be denied. But as doubts have been cast upon the question, and it is also a new one, the motion will be denied without costs, and without prejudice to an appeal or motion for a re-hearing.