Ludington *v.* Taft.

---

---

SAME TERM. *Before the same Justices.*

LUDINGTON *vs.* TAFT.

The objection that a complaint does not state facts sufficient to constitute a cause of action is not waived, by omitting to take it in the answer, or by demurrer.

A complaint which sets forth a partnership between the plaintiff and defendant, a dissolution, the existence of unsettled accounts, and a balance in favor of the plaintiff, and demands an accounting, and judgment for the balance, shows a sufficient cause of action.

The question, in such a case, is not whether the complaint is perfect, and embraces all the matters necessary for a final account, but only whether there are facts enough set forth to show a cause of action.

As to any objections to the form, or any defects in the structure, of the complaint, they can not be examined at the hearing, on a general objection that the complaint does not set forth facts enough to constitute a cause of action.

Ludington *v.* Taft.

Where parties have, by stipulation, appointed a person as referee, to take the evidence and report thereon, as though he had been appointed by order of court, no objection can be taken to his report, on the ground that no preliminary decree, that the parties account, had been made.

It is not for every error, made by a referee, that his report will be set aside; but it must be a clear and decisive error, by which the party objecting to it has been injured.

Where the whole cause is referred, the referee has the right, and it is his duty, to decide upon the question of costs. And costs being in the discretion of the referee, the court will not supervise his decision in respect to them, unless upon some manifest error.

THIS was an appeal by the defendant from a judgment entered upon the report of a referee. The plaintiff in his amended complaint alledged that he and the defendant were equal partners, and were engaged in the business of quarrying and delivering stone at Fulton, Oswego county, as such partners, during the months of May, June, July and August, 1849, and that the plaintiff paid for the prosecution of said business to various persons sums of money which amounted to about $1776,41, and that the defendant received of the partnership funds sums of money which amounted to about $1700; that the plaintiff devoted his time, and performed work and labor in said business from April 15th, 1849, to August 15th, 1849; and that it was agreed that he should receive twelve shillings per day for the time he was so engaged more than the defendant was engaged; that the partnership was ended on the 10th Sept. 1849, and that since that time the plaintiff had requested the defendant to settle and adjust the accounts between them, and pay the amount due the plaintiff, and the defendant refused so to do; that the defendant had received for stone so quarried more than the plaintiff had, and that the plaintiff had expended in said business more than the defendant had expended, and that upon an accounting the sum of $261,12 would be found due the plaintiff. The plaintiff therefore demanded judgment that the defendant account to the plaintiff, and pay him the amount found due on such accounting, with costs. The defendant, in his answer, took issue upon each and all of said allegations, and alledged that he requested the plaintiff to become a partner with him, and that the plaintiff

Ludington *v.* Taft.

refused to, and never did, become a partner of the defendant's, but entered upon the said business without becoming a partner; that the plaintiff received from the avails of said business more than he paid out; that he abandoned said business some time the last of July or forepart of August; that the defendant kept his accounts in a memorandum book, which he had lost, or which had been clandestinely taken from his possession, and that he had been unable to find the same; that the plaintiff received large sums from persons to whom stone was delivered in said business, and, as the defendant believed, between one and two thousand dollars, besides large and small sums from the defendant from time to time; that the defendant paid out in said business the principal part of the money he received; that the plaintiff received from said business an amount more than sufficient to pay him for his time and labor while engaged in said business, over and above the amounts paid out by him, and more than half the net profits of said business; that the plaintiff received from said business more than the defendant, and that the defendant had worked more than plaintiff in said business, and had paid out more than the plaintiff had in said business; that the plaintiff was indebted to the defendant in more than $200, and that upon an accounting, if an accounting should be adjudged, there would be found a balance due to the defendant; that whatever the plaintiff paid out was paid with money belonging to the firm, if any firm existed.

The plaintiff in his reply took issue on each and all the allegations in the answer, except that in regard to the allegation "that plaintiff had received large sums from the persons to whom stone were delivered in said business, and, as defendant believes, between one and two thousand dollars, besides receiving large and small sums from the defendant," the plaintiff only denied that he received any other or greater sums than those mentioned in the amended complaint. The defendant, in an amendment to his answer, alledged that if the plaintiff paid out the sum mentioned in the amended complaint, he paid the same with money belonging to the firm, if it should be held that any

such firm existed. The plaintiff in his reply to said amendment, took issue on each and all the said allegations.

By a stipulation between the parties the cause was referred to Daniel H. Marsh, Esq., who was thereby "appointed a sole referee in the cause, to hear and decide the same, with the same powers, and with like effect, as though appointed by an order of the court, duly made for that purpose." On the trial before the referee the defendant's counsel objected to the plaintiff's giving any evidence whatever, under the amended pleadings; on the ground that the amended complaint did not contain facts sufficient to constitute a cause of action, even if proved. The referee overruled the objection, and the defendant excepted. After the proofs were closed, on the part of the plaintiff, the defendant applied to the referee to dismiss the complaint, on the following grounds: that it did not purport to embrace the whole partnership matters; that it did not show that there was any profit or loss, or any outstanding debts due to or from the firm; that it did not set forth or show that the firm had any funds, nor in whose hands they were, if any existed; that it did not state whether the plaintiff had paid out more than he had received, nor that the defendant had received more than he had paid out; that it did not alledge that the defendant had not paid out all the moneys that he received for the company, nor that there was any money in his hands, belonging to the firm; that it did not alledge the amount of business done by the firm, nor the amount of stone sold by them; nor that the parties had any company property; or that the matters of the firm had not been closed up and settled between themselves, before the commencement of the action. The referee decided that the complaint set forth a sufficient cause of action, and refused to dismiss the same, or to nonsuit the plaintiff; and the defendant excepted. The testimony on both sides being closed, the referee, after considering the case, decided that the plaintiff and defendant were partners, as alledged in the complaint; that the complaint plainly sought a settlement of all the partnership accounts; that the reply did not admit that the plaintiff received from the partnership business, and from the defendant, all the sums specifically mentioned

in the amended complaint; nor that he received from such business, and from the defendant, a sum, in the aggregate amounting to that; but that the reply simply admitted, (by not sufficiently denying it,) the receipt of an indefinite sum, between one thousand and two thousand dollars. That it no where appearing from the pleadings or proofs, that there were any outstanding accounts or demands due to or from the firm, or any property owned by the firm, it was fair to presume, and the referee did presume, that none such existed, and that all partnership matters not otherwise settled between the parties, had been litigated in this action; to each and all of which decisions, the defendant excepted. Thereupon the referee proceeded to, and did state an account between the parties, by which it appeared that the sum of $688,43 was due from the defendant to the plaintiff. But inasmuch as the plaintiff had, by his pleadings, and in his final argument, claimed but $261,12, the referee reported in his favor for the latter sum.

*J. Ruger*, for the appellant.

*E. J. Talcott*, for the respondent.

*By the Court*, GRIDLEY, P. J. By the code of procedure the distinction between actions at law and suits in equity, and the existing forms of all such actions and suits, are abolished. (*Code* § 69.) A demurrer lies to a complaint when it does not state facts sufficient to constitute a cause of action. (*Subd.* 6 *of* § 144.) When any of the matters mentioned in section 144 do not appear on the face of the complaint, the objection may be taken in the answer. (*Sec.* 147.) But this particular objection mentioned in the 6th subdivision of section 144, is not waived, by omitting to take it in the answer, or by demurrer. (*Sec.* 148. 3 *How. Pr. Rep.* 280.)

I. In this state courts of law and equity were supposed to have concurrent jurisdiction in matters of account between partners. (3 *John. Ch. Rep.* 360. 18 *John.* 132. 2 *Caines* 1. 9 *John.* 470.) And the revised statutes expressly recognize the action of

account between partners, and prescribe the mode of proceeding therein, however it may have been doubted since. (*See sec.* 49 *to* 53 *of art.* 4, *tit.* 6, *chap.* VI. *part* 3, *of* 2 R. S. *p.* 382.) The complaint in this case contains the elements of a declaration in an action of account, as given by Chitty. But whether the right formerly existed at law, or in equity, the same right exists by express enactment under the code. In equity the authorities are equally clear. Collyer, in his treatise, says, (*p.* 162,) " the account which a court of equity decrees between partners is usually consequent *upon a dissolution.*" And on page 163 it is laid down that a bill will lie for an account, before dissolution. (*See also Story's Eq. Jur. sec.* 671, *and note.*) Judge Story, in section 672, explicitly says, that such a bill lies when a dissolution has taken place. The action, then, was properly brought. The complaint in this case sets forth a partnership, a dissolution, the existence of unsettled accounts, and a balance in favor of the plaintiff; and demands an accounting, and judgment for the balance. This shows a cause of action. It is not a question here whether the complaint is perfect, and embraces all the matters necessary for a final account. It is only a question whether there are facts enough set forth to show a cause of action. (*See the Code, sections* 144 *and* 148.) As to any objections to the form, or any defects in the structure of the bill, they can not be examined here, on a general objection that the complaint does not set forth facts enough to constitute a cause of action.

II. The parties having, by their stipulation, made Mr. Marsh a referee to take the evidence and report thereon, as though he had been appointed by order of court, no objection can now be taken to the report, on the ground that no preliminary decree that the parties account had been made. This stipulation is evidence that the *whole* matter in issue, embracing the statement of the accounts, was referred.

III. Did the referee err ?

(1.) I think he was right in refusing to dismiss the complaint, for the reasons before stated.

(2.) The main question on the merits arises on the allegation

in the answer, that the plaintiff received large sums from the persons to whom the stone was delivered, and as the defendant believed, between $1000 and $2000, besides large and small sums from the defendant. Now this is answered in the reply by denying the receipt of any other or different sums from persons to whom stone was delivered, &c., *than as mentioned* in the amended complaint. And the defendant denies the receipt of any other or greater sums than are mentioned in the amended complaint. Now if no sums are mentioned in the amended complaint, then none are admitted. But the plaintiff does mention in his amended complaint, various sums paid out, that, (except the $114,21, which he expressly says was paid out of his private funds,) are here admitted to have been received of persons to whom stone was delivered. This does not amount to the $166,39, the footing of the sums proved to have been paid out. But suppose this entire sum is admitted to have been received of the money of the partnership, then nothing will be due the plaintiff, on account of money paid out by him. There is still a larger sum than is reported by the referee, shown to be due from the defendant, arising on the balance in his hands over what he paid out. He appears to have received from the firm, over and above what he paid out, $937,53, the half of which exceeds the sum reported to be due.

We therefore do not see any error *against the defendant*, in this report. To justify us in setting a report aside, we must clearly see that the referee has done injustice to the defendant, who objects to it. It is not for every error which he makes that a report will be set aside; but it must be a clear and decisive error, by which the defendant has been injured.

IV. As to costs. Judge Willard, in *Graves* v. *Blanchard*, (4 *How. Pr. Rep.* 300,) has decided, in a well reasoned opinion, that when the whole cause is referred, the referee has the right, and it is his duty, to decide upon the question of costs. Costs are in the discretion of the court; (*Code,* § 306;) and being now in the discretion of the referee, we would not supervise his decision unless upon some manifest error. We do not see any such error. The defendant denied the partnership, and refused to ·

come to any settlement with the plaintiff, or do any thing about it. I say this because such is substantially the ground taken by the defendant in folio 159. On the whole, we see no good reason to disturb the finding of the referee. We think justice has been done, and a new trial is denied.

Judgment affirmed, and new trial denied.

