## N. Y. SUPERIOR COURT.

CHARLES F. KUEHNEMUNDT, plaintiff and respondent, agt. JOHN H. HAAR and JULIUS HENGSTLER, impleaded, &c., defendants and appellants.

*Law of copartnership — The rights of the former partners as against each other — Complaint — Demurrer.*

The firm of H. & Co., executed a general assignment, under the state laws, to M. for the benefit of their creditors. Pending the administration of the estate, K., one of the late firm, brought this action against his former partners for an accounting and . for judgment for alleged overdrafts.

*Held,* that by virtue of the assignment, the title to all the firm assets was vested in the assignee, who alone could sue for their recovery, and that his proceedings, as well as his powers and duties, are regulated by statute. And the facts above set forth appearing upon the face of the complaint; also, *held,* that the complaint exhibited a complete defense, and that a demurrer, because it does not state facts sufficient, &c., was well taken, and should have been sustained at special term.

*General Term, March,* 1880.

*Before* SEDGWICK *and* FREEDMAN, *JJ.*

APPEAL from judgment and order overruling demurrer to complaint.

*Jacob A. Gross,* for appellants.

*John L. Logan,* for respondent.

FREEDMAN, *J.*— This is an action between partners for an accounting within certain limits, and the ground of the demurrer is that the complaint does not state facts sufficient to constitute a cause of action. The complaint sets up a partnership, its dissolution by consent, that each of the defendants during the existence of the partnership drew out large sums of money in excess of the amount drawn by the plaintiff, and that no accounting has been had, and judgment is demanded that such partnership be declared dissolved, pursuant to said consent, and an account taken of all the said partnership dealings and transactions from the commencement of the partnership, and of the moneys received and paid by the partners respectively, and that the said accounts be adjusted, as between said partners, and the balance due each as from the other be declared, and for such other and further relief as to the court may seem just and proper. If this were all, the complaint might be sustained under the rule laid down in *Luddington* agt. *Taft* (10 *Barb.,* 447), though it fails to show whether or not there are outstanding accounts or demands due to or from the firm, or property owned by the firm. But the complaint further alleges that the dissolution by consent took place in consequence of the insolvency of the firm, and that thereupon all the partners duly executed and delivered an assignment of all their partnership property and assets to one Frederick Meyer, under the insolvent laws of this state, for the benefit of their creditors, which said assignment was duly filed, and that said Meyer was duly qualified as such assignee, and entered upon the performance of his duty as such. The complaint, therefore, not only states a cause of action, but also facts sufficient to constitute a defense thereto, and the whole complaint must be considered together in determining its sufficiency upon demurrer (*Calvo* agt. *Davies,* 73 *N. Y.,* 211).

Kuehnemundt agt. Haar and Hengstler.

Upon all the facts pleaded the court will not interfere to settle accounts within the narrow limits prayed for, but will await the regular winding up of the affairs of the partnership under the insolvency proceedings.

In *Richardson* agt. *Bank of England* (4 *Myl. & C.*, 165, 172), lord COTTENHAM said that nothing is more settled than that, even after the determination of the partnership, and before the settlement of the account, and before the payment of the joint debts or the realization of the partnership estate, " what may have been advanced by one partner, or received by another, can only constitute items in the account. There may be losses, the particular partner's share of which may be more than sufficient to exhaust what he has advanced, or profits more than equal to what the other has received; and until the amount of such profit and loss be ascertained by the winding up of the partnership affairs neither party has any remedy against, or liability to, the other for payment from one to the other of what may have been advanced or received."

The cause of action for the sums alleged to have been withdrawn by the defendants in excess, was in the firm at the time of its dissolution and of the assignment, and it passed by the general assignment to the assignee as an asset. He alone can maintain an action thereon, and his proceedings as well as his powers and duties are regulated by statute.

The judgment and order appealed from should be reversed, with costs, and an order entered sustaining the demurrer, with costs.