## N. R. SLEDGE ET AL. *v.* ANNA L. OBENCHAIN ET AL.

1. COSTS IN CHANCERY. *Appeal.*

   On appeal upon a question of costs, the Supreme Court will examine the record sufficiently to determine whether the appellant has been deprived of a right to which he was entitled either as part of his relief or under the established rules of practice.

2. SAME. *Judicial discretion.*

   But in cases where costs are not a matter of right, but may be allowed or denied at the Chancellor's discretion, no appeal will lie from his decision, unless it is an arbitrary exercise of power, rather than of sound judicial discretion, and is clearly wrong.

APPEAL from the Chancery Courts of Grenada County.

Hon. J. B. MORGAN, Chancellor.

This was a bill with a prayer in the alternative, to vacate conveyances as fraudulent as to a subsequent mortgage or to foreclose a prior mortgage. After the decision upon a former appeal (58 Miss. 670) reversing the Chancellor's decision in so far as he held the first mortgage extinguished, but sustaining that part in which he held the conveyance by the mortgagor to the appellees valid as against the second mortgage, a decree was entered in the Chancery Court conforming to the opinion, but taxing all the costs of the litigation upon the appellants. A motion to dismiss the appeal was submitted with the cause in the Supreme Court.

*J. J. Slack* and *R. Horton*, for the appellants.

Compelled by the decision of this court (58 Miss. 670), the Chancellor ordered the sale, but made the result as near his former ruling as possible by charging the complainants with all the costs. A party joined for conformity, and rightly held on that appeal not taxable with costs, is by this decree awarded costs. Right to foreclose the second deed of trust being denied, the alternate prayer was necessarily granted. No useless expense was incurred. Yet the successful mortgagee has his mortgage consumed in the costs of the litigation. In the light most favorable for the appellees, the costs should have been divided; but, if the decision of this court declaring the second mortgage not enforceable was wrong, which is the appellants' strongest position, the Chancellor's decree for costs was a violation of a matter of right.

*Fitz Gerald & Whitfield*, for the appellees.

1. No appeal can be prosecuted from a decree of a chancery court taxing costs. 2 Dan. Ch. Prac. 1376, 1377, n. 2 ; *Cowles* v. *Whitman*, 10 Conn. 121 ; *Tomlinson* v. *Ward*, 2 Conn. 396 ; *Hunt* v. *Lewin*, 4 Stew. & Port. 138 ; *Randolph* v. *Rosser*, 7 Porter, 249 ; *Travis* v. *Waters*, 12 John. 500 ; *Methodist Episcopal Church* v. *Jaques*, 1 John. Ch. 65 ; *Nicoll* v. *Trustees*, 1 John. Ch. 166. On these authorities we ask that this appeal be dismissed.

2. Where parties are equally honest, the party who brings a fruitless case into court is taxed with costs. *Catlin* v. *Harned*,

3 John. Ch. 61. As to costs of receivership of personalty, see 2 Dan. Ch. Prac. 1379 ; *Rogers* v. *Rogers*, 2 Paige, 458. As to the application for a receiver for the land, the costs of that had been adjudged against the appellants on the refusal of that application, and the judgment was reiterated merely in the final decree. It is proper to look to the appellees' answer to see their good faith, and credit them with it in the taxing of costs. Where the complainants' claim is groundless (as it was here as urged), they should be taxed with costs. *Dupont* v. *Johnson*, Bailey Eq. 279 ; *Stewart* v. *Fowler*, Harp. Eq. 261. When the main question is decided against the complainants, the respondents are entitled to costs up to that time, or as to that feature. 2 Dan. Ch. Prac. § 1407, n. 5 ; *McConnell* v. *McConnell*, 11 Vt. 290. The granting of costs is a testimonial of good conduct, and this especially applies against mortgagees acting oppressively, as was manifestly the case here. 2 Dan. Ch. Prac. 1591. And, finally, costs are frequently granted solely on account of the peculiar hardship it would involve under all the circumstances, to tax the unsuccessful party with the costs. 2 Dan. Ch. Prac. 1404. If this be true where the appellee wholly loses, *a fortiori* does it utterly defeat these appellants, who did not succeed in the main feature of their case.

COOPER, J., delivered the opinion of the court.

Where costs are not a matter of right, but may or may not be given by the Chancellor in the exercise of judicial discretion, it has been held in many cases that no appeal lies from a decree where the only complaint is that such costs were or were not given. 2 Dan. Ch. Prac. 1377, n. 2. But where costs are given contrary to the established practice of the court, an appeal lies. *Winslow* v. *Collins*, 3 Paige, 88. It is evident that in all cases the appellate court must examine the record of the proceedings in the lower court sufficiently to enable them to determine whether the action of the court by which costs are awarded or refused was as to a matter resting in its discretion, or whether the party against whom the decree is made has been refused a right to which he was entitled either as a part of his relief or under the established rules of practice ; but beyond

this point this court ought not to go, unless it be shown that the costs were awarded or refused in the exercise of an arbitrary power rather than of a sound judicial discretion. We are unable to say that the action of the court complained of in this case was clearly wrong, and only in that case could we disturb the decree of the Chancellor on a question resting in his discretion.

*Decree affirmed.*