DANIEL L. COUCH, AS ASSIGNEE IN BANKRUPTCY OF ROBERT MILLARD AND OTHERS, APPELLANT, v. GEORGE W. MILLARD AND EDGAR B. TAYLOR, RESPONDENTS.

*Costs — discretion vested in the court as to awarding costs in equitable actions — it may be reviewed by the General Term — liimtations upon its exercise — when the costs cannot be awarded to an unsuccessful defendant.*

This action was brought by the assignee in bankruptcy of the firm of Millard, Underwood & Co. to recover the avails of certain chattels seized and sold by the defendants, upon the ground that a portion of the said chattels, consisting of moldings, were seized and sold without color of authority, and that the chattel mortgage under which the residue of the chattels were seized and sold was fraudulent and void. The defendants denied that they had any money or property belonging to the plaintiff, and averred that the debt, interest and expenses exceeded by a large amount the sum realized by them from the sale of the property.

The referee found that the defendants had wrongfully seized the moldings, which were worth $2,611.37; that the mortgage was valid, but that the defendants received on the sale of the mortgaged chattels $1,892.98 over and above their claims and directed that a judgment be entered in favor of the plaintiff for these two amounts with interest; that each party be allowed costs out of the recovery. Thereafter an extra allowance was granted to the defendants.

Upon an appeal from a judgment adjudging that the plaintiff was entitled to recover the amount found due by the referee with interest, that the costs of both parties be paid from the recovery, the defendants' costs being set off against the amount of the plaintiff's recovery:

*Held,* that even if it was assumed that the action was an equitable one in which costs might, under section 3230 of the Code of Civil Procedure, be awarded or withheld, yet the discretion exercised by the trial court in awarding them was reviewable by the General Term upon an appeal from the judgment.

That this discretion must be exercised in accordance with the rules and well settled principles applicable to the subject, and could not be awarded or withheld as might suit the caprice of the trial court.

That a creditor who recovers a debt in an equitable action recovers costs also, unless special and strong reasons to the contrary prevent.

That there is no authority, statutory or judicial, which authorizes an award of costs to an unsuccessful defendant, payable out of plaintiff's recovery in an action in which the plaintiff recovered as damages a sum of money which a defendant claimed to hold as his own.

That as the defendants were not entitled to costs the order granting them an additional allowance necessarily failed.

That the judgment should be modified by striking therefrom the clause awarding costs to the defendants.

Appeal from so much of a judgment, entered upon the report of a referee, as awarded costs to the defendants.

The notice of appeal stated that the appellant intended to bring up for review on said appeal the order giving an extra allowance of costs in said action to the defendants.

*George W. Parkhurst*, for the appellant.

*D. W. Guernsey*, for the respondents.

Follett, J.:

December 1, 1875, Millard, Underwood & Co. executed a chattel mortgage to defendants which covered a large quantity of lumber, and two or more mills and the machinery in them. June 27, 1876, Millard, Underwood & Co. filed a voluntary petition in bankruptcy, upon which they were adjudged bankrupts December 26, 1876, and March 12, 1877, the plaintiff was appointed assignee in bankruptcy. April 29, 1876, the defendants began the foreclosure of their mortgage by taking possession of the chattels, and sold them at public auction and at private sale to various purchasers and on various occasions, prior to June 1, 1877. Defendants purchased many of the chattels. Defendants also seized and sold a quantity of moldings owned by said bankrupt firm upon which defendants had no valid claim.

This action was brought to recover the avails or value (it is difficult to say which) of the chattels seized and sold by defendants, upon the ground that the moldings were seized and sold without color of authority, and that the mortgage under which the other chattels were sold was fraudulent and void. The referee found that defendants wrongfully seized and sold the moldings without authority, and that they were worth $2,611.37. He also found that the mortgage was valid, but found that defendants had in their hands $1,892.98, derived from the sale of the mortgaged chattels, over and above all of their claims arising under said mortgage. The items of recovery are as follows:

| | |
|---|---|
| Moldings sold | $2,611 37 |
| Surplus on sale of mortgaged chattels | 1,892 98 |
| Total in defendants' hands | $4,504 35 |
| Interest | 2,304 62 |
| Total recovery | $6,808 97 |

A judgment was ordered for the plaintiff for $6,808.97, with costs to both parties, payable out of the recovery.

| | |
|---|---:|
| The plaintiff's costs and disbursements were taxed at... | $390 45 |
| The defendants' costs and disbursements were taxed at, | $767 70 |
| Additional allowance granted December 12, 1885 ..... | 780 00 |
| | $1,547 70 |

February 2, 1886, judgment was entered adjudging that the plaintiff recover the amount found due by the referee and interest ; that the costs of both parties be paid from the recovery, the defendants' to be set off against the amount of plaintiff's recovery, and that the plaintiff have execution for the remainder. The plaintiff excepted to that part of the referee's report allowing defendants' costs, and appealed from that part of the judgment allowing defendants' costs and from the order granting additional allowance.

The discretion of a trial court in awarding costs in an equitable action may be reviewed by the General Term upon an appeal from the judgment. (*Stevens* v. *Veriane*, 2 Lans., 90, 93 ; *Law* v. *McDonald*, 9 Hun, 23 ; *Woodford* v. *Bucklin*, 14 id., 444 ; *McLean* v. *Stewart*, 14 id., 472 ; *Rosa* v. *Jenkins*, 31 id., 384.) Such was the rule before the Codes. ( *Winslow* v. *Collins*, 3 Paige, 88 ; *Buloid* v. *Miller*, 4 id., 473.)

The question arising upon this appeal is discussed by both sides upon the theory that the action is an equitable one, and that costs may be awarded or withheld, pursuant to section 3230 of the Code of Civil Procedure. Assuming this to be so, we do not think it is a case in which both sides can be awarded costs. This is not an action arising out of a trust or common fund, but is simply an action between two hostile parties to determine their rights to certain property taken by the defendants, who in their answer denied having any money or property belonging to plaintiff, and averred that the debt, interest and expenses exceeded, by a large amount, the sum realized by defendants from the sale of the property. While the section of the Code provides that costs in equitable actions are within the discretion of the court, still this discretion must be exercised in accordance with the rules and well settled principles applicable to the subject, and they cannot be awarded or withheld as

suits the caprice of the trial court. (*Law* v. *McDonald, supra*, 23, 26 ; *Brooks* v. *Byam*, 2 Story O. C., 553 ; 2 Barb. Oh. Pr., 322, 323 ; Id. [2d ed.], 858.) The general rule is that the successful party, although he may be denied costs, never pays them. (2 Dan. Ch. Pr. [3d Am. ed.], 1483 ; 2 Barb. Ch. Pr., 323 ; Id. [2d ed.], 859.) When a creditor recovers a debt in an equitable action, he recovers costs also, unless special and strong reasons to the contrary prevent. (*Hunn* v. *Norton*, Hopk., 344 ; *May* v. *Biggenden*, 24 Beav., 207 ; *Jeffryes* v. *Agra, etc., Bank*, Law R., 2 Eq., 674 ; *Hill* v. *South Staffordshire Ry. Co.*, Law R., 18 Eq., 154 ; 2 Barb. Ch. Pr., 322 ; Id. [2d ed.], 857.) When the action is not solely for the recovery of a debt, and both parties claim more than they are entitled to, each succeeding in part, neither is entitled to costs against the other. (*Crippen* v. *Heermance*, 9 Paige, 211 ; *Caldwell* v. *Leiber*, 7 id., 483 ; *Righter* v. *Stall*, 3 Sandf. Ch., 608 ; *Saunders* v. *Frost*, 5 Pick., 259 ; *Fairchild* v. *Hunt*, 14 N. J. Eq. [1 McCarter], 367 ; *Cullingworth* v. *Loyd*, 2 Beav., 385 ; *Law* v. *McDonald, supra*.)

Two issues are raised by the pleadings and were contested before the referee : First, the plaintiff's right to recover for the property described in and sold under the mortgage ; second, for the conversion of property not described in the mortgage. Upon the first issue the plaintiff succeeded in part and wholly succeeded on the second, which brings the case within the rule laid down in *Law* v. *McDonald* (*supra*).

We know of no authority, statutory or judicial, authorizing an award of costs to an unsuccessful defendant payable out of plaintiff's recovery in an action in which the plaintiff recovered, as damages, a sum of money which a defendant claimed to hold as his own.

" It was the rule of the civil law that *victus victori in expensis condemnatus est*, and this is the general rule adopted in the Court of Chancery, as well as in courts of law, at least to the extent of throwing it upon the failing party to show the existence of circumstances to displace the *prima facie* claim to costs given by success to the party who prevails." (2 Dan. Ch. Pr. [3 Am. ed.], 1461 ; 2 Barb. Ch. Pr., 322 ; Id. [2d ed.], 857 ; *Saunders* v. *Frost*, 5 Pick., 259 ; *Clark* v. *Reed*, 11 id., 446.) We fail to find any circumstances in this case justifying an award of costs to the defendants

payable out of a sum of money which they are adjudged to owe the plaintiff, and which they refused to pay, denying all liability.

The learned judge, who granted the order for an additional allowance, held that the Special Term had no authority to review the decision of the referee as to the question of costs, and granted the additional allowance upon the theory that it was a proper case, provided defendants were entitled to costs, which question he could not and did not consider. The defendants not being entitled to costs, the order granting them an additional allowance necessarily falls.

The order granting an additional allowance is reversed, and the judgment modified by striking therefrom the clause awarding costs to defendants.

BOARDMAN, J., concurred; HARDIN, P. J., not sitting.

Judgment modified by striking therefrom the clause awarding costs, and the order granting an extra allowance set aside, without costs to either party.