GREENLEE, J., CONCURRING IN PART AND DISSENTING IN PART:
 

 ¶ 102. I concur with the majority's opinion concerning Latham's appeal. However, I disagree with the majority's decision to reverse and remand for a determination of prejudgment interest.
 

 ¶ 103. Under Mississippi law, the trial court has discretion to award prejudgment interest.
 
 H & W Indus., Inc. v. Occidental Chem. Corp.
 
 ,
 
 911 F.2d 1118
 
 , 1123 (5th Cir. 1990) ;
 
 Arcadia Farms P'ship v. Audubon Ins. Co.
 
 ,
 
 77 So.3d 100
 
 , 105 (¶ 19) (Miss. 2012). Appellate courts, therefore, have long held that the trial court's decision is reviewed under an abuse-of-discretion standard.
 
 Upchurch Plumbing, Inc. v. Greenwood Utils. Comm'n
 
 ,
 
 964 So.2d 1100
 
 , 1108 (¶ 15) (Miss. 2007) ;
 
 Sledge v. Obenchain
 
 ,
 
 59 Miss. 616
 
 , 618-19 (1882).
 

 ¶ 104. We must affirm the trial court's decision, unless there is a definite and firm conviction that the trial court committed a clear error of judgment in the conclusion it reached upon weighing relevant factors.
 
 Plaxico v. Michael
 
 ,
 
 735 So.2d 1036
 
 , 1039 (¶ 11) (Miss. 1999) (citing
 
 Cooper v. State Farm Fire & Cas. Co.
 
 ,
 
 568 So.2d 687
 
 , 692 (Miss. 1990) ). This standard indicates that at least two different actions taken by the trial court will not result in reversal.
 
 Poole ex rel. Wrongful Death Beneficiaries of Poole v. Avara
 
 ,
 
 908 So.2d 716
 
 , 727 (¶ 25) (Miss. 2005) (citing
 
 Shields v. Easterling
 
 ,
 
 676 So.2d 293
 
 , 298 (Miss. 1996) ). In the present case, this means that either allowing or not allowing prejudgment interest would be within the trial court's discretion. The majority, however, holds that the trial court could only have reached one conclusion: to award prejudgment interest.
 

 ¶ 105. After applying applicable Mississippi law and weighing relevant factors, the trial court determined that prejudgment interest was not appropriate. The trial court concluded that damages were not liquidated, and that there were genuine disputes "as to the parties' responsibility for liability as well as the amount of damages." This reasoning aligns perfectly with Mississippi law.
 
 E.g.
 
 ,
 
 Upchurch
 
 ,
 
 964 So.2d at 1117
 
 (¶ 43) ("Under Mississippi law, prejudgment interest may be allowed in cases where the amount due is liquidated when the claim is originally made or where the denial of a claim is frivolous or in bad faith.") (citing
 
 Stockstill v. Gammill
 
 ,
 
 943 So.2d 35
 
 , 50 (¶ 31) (Miss. 2006) ).
 

 ¶ 106. The majority correctly notes that "damages being 'liquidated' refers to damages that are set or determined by a contract when a breach occurs."
 
 Moeller v. Am. Guar. & Liab. Ins. Co.
 
 ,
 
 812 So.2d 953
 
 , 959 (¶ 18) (Miss. 2002) (citing
 
 Black's Law Dictionary
 
 (7th ed. 1999) ). But the majority then finds that an oral-partnership agreement between the parties predetermined damages. The majority apparently finds that when the breach occurred, the damages became liquidated.
 

 ¶ 107. The majority continues to discuss the term "liquidated" in reference to damages, asserting that there are two different legal concepts: (1) liquidated damages; and (2) damages that are liquidated. In my view, this assertion leads to an unnecessary expansion of the traditional law concerning liquidated damages. "Liquidated damages" is a term of art derived from the common law of contracts. And, when a term of art "is obviously transplanted from another legal source ... it brings the old soil with it."
 
 Sekhar v. United States
 
 ,
 
 570 U.S. 729
 
 , 733,
 
 133 S.Ct. 2720
 
 ,
 
 186 L.Ed.2d 794
 
 (2013) (quoting Felix Frankfurter,
 
 Some Reflections on the Reading of Statutes
 
 ,
 
 47 Colum. L. Rev. 527
 
 , 537 (1947) ). Our courts historically recognize contractually-provided liquidated damages.
 
 E.g.
 
 ,
 
 Maxey v. Glindmeyer
 
 ,
 
 379 So.2d 297
 
 , 300 (Miss. 1980) ;
 
 Wood Naval Stores Export Ass'n v. Latimer
 
 ,
 
 220 Miss. 652
 
 , 665,
 
 71 So.2d 425
 
 , 430 (1954). We have even been willing to look beyond these provisions and search for the parties' intent within a contract to determine liquidated damages.
 
 Massman Const. Co. v. City Council of Greenville, Miss.
 
 ,
 
 147 F.2d 925
 
 , 926 (5th Cir. 1945) ;
 
 Moeller
 
 ,
 
 812 So.2d at 959
 
 (¶ 18). But ultimately, the term liquidated damages has been recognized to be a "genuine covenanted pre-estimate of damages."
 
 Shields v. Early
 
 ,
 
 132 Miss. 282
 
 ,
 
 95 So. 839
 
 , 841 (1923).
 

 ¶ 108. I therefore must disagree with the majority. The circuit court properly noted that "[liquidated damages] were not set forth in the alleged partnership agreement itself ...." And because there is neither a liquidated damages provision nor a contract with which to provide context, this common-law legal term of art should not
 be made applicable to the facts of this case.
 

 ¶ 109. Courts may also award prejudgment interest in cases in which there is a frivolous or bad faith denial of a claim.
 
 Moeller
 
 ,
 
 812 So.2d at 963
 
 (¶ 31). The majority states that there was "no bona fide dispute regarding the amount of damages." However, in its opinion, the circuit court identifies three genuine disputes: "(1) the existence of a partnership agreement; (2) whether Latham breached the alleged partnership agreement; and (3) the amount of damages." The circuit court also found that the denial of the claim was not made in bad faith.
 

 ¶ 110. When there are no liquidated damages and there was no bad faith denial of a claim, then courts consider a trial court's decision on prejudgment interest to be discretionary.
 
 Upchurch
 
 ,
 
 964 So.2d at 1108
 
 (¶ 15).
 
 [7]
 
 Therefore, I am inclined to conclude that the trial court was guided by sound legal principles in denying prejudgment interest. Accordingly, I cannot agree with the majority's conclusion that the trial court was obligated to award prejudgment interest. I would, therefore, affirm the judgment of the trial court in toto.
 

 CARLTON AND TINDELL, JJ., JOIN THIS OPINION.
 

 In
 
 Upchurch
 
 , the trial court's decision on prejudgment interest was based on Mississippi Code Annotated section 75-17-7 (Rev. 2000), which continues to state, "[a]ll other judgments or decrees shall bear interest at a per annum rate set by the judge hearing the complaint from a date determined by such judge to be fair but in no event prior to the filing of the complaint."