Lawrence, J.
Upon the argument, the counsel for the defendant insisted that inasmuch as no exceptions had been filed to the referee’s report, within eight days after the notice of filing therof, the same became absolute and stood as in all things confirmed, under rule 30 of this court. The plaintiff insists that *512 as the reference was not to hear and determine, but simply to take proofs and to report the same, with'the referee’s opinion thereon, the filing of exceptions in sncli a case is unnecessary. The plaintiff relies upon the matter of Attorney General v. Continental Life Ins. Co. (64 How. Pr. 93), and Matthews v. Murchison* *513 The defendant, however, cites Catlin v. Catlin (2 Hun, 378), which was an action for divorce, and which was decided by the general term of this department in 1874, under the former rule 39, which was the same, so far as the question now under consideration is concerned, as the present rule 30. That case is not fully reported, but I have verified my recollection as to its facts by an examination of the printed case upon appeal, and I find that in that case the defendant had not answered, but that his counsel cross-examined the witnesses, and that leave to answer was denied by the court.
The case is therefore an authority for the position that the neglect to file exceptions to a referee’s report in an action for divorce, within the time prescribed by the rules, renders such a report absolute, even although it be defective upon its "face. It may be that this question was not particularly discussed before the general term, but I must follow its determination.. The reference in this case being simply to take proofs, I should have considered myself at liberty to review the conclusions reached by the referee, under the authority of Merrill v. Merrill (11 Abb. Pr. N. S. 74), Moore v. Moore (14 Weekly Digest, 255), Green v. Green {Id. 159), and section 1229 of the Code of Civil Procedure, if the case of Catlin v. Catlin was not controlling upon *514 me sitting at chambers. That case, if correctly reported, precludes me from reviewing the referee’s conclusions until exceptions to his report have been presented to me. It is conceded that such exceptions have not been filed, but under the provisions of sections 724and 783 of the Code of Civil Procedure, I think that I have the power to allow such exceptions to be filed nunc pro tunc upon such terms as justice requires (See Sheldon v. Wood, 14 How. Pr. 18 ; Bottle v. Mellen, 14 Abb. Pr. 228). In this case I think that justice requires that permission should be given to file the exceptions, without costs. If this course is adopted and the case is directed to be heard at an early day, at chambers, upon such exceptions, all questions which might hereafter arise under the decision in Catlin v. Catlin, if a different course were'pursued, will be avoided, and the regularity of any judgment which may hereafter be rendered cannot be questioned. Let an order be presented in accordance with these views.

In Matthews v. Murchison (N. Y. Supreme Ct.; General Term, First Department, June, 1883), it was held, that on a reference to computo the amount of damages on an injunction undertaking, it is not necessary, though it may sometimes be desirable, that the referee should report his findings of fact or conclusions of law; but the practice is satisfied if he report his conclusion as to the damages sustained, with the items of allowance that have been made by him, together with the evidence he has taken.
That on appeal from the confirmation of such report, the court should not be controlled by the referee’s determination on a question arising on conflicting evidence, as in the case of the trial of issues.
The part of the opinion relative to this point is as follows:
Davis, P. J.—It is not necessary, in proceedings of this kind, that the referee to whom the matter is referred shall make a report of his findings of factor conclusions of law, although that course in respect to findings of fact may often be advisable or desirable to aid the court in ascertaining the facts of the case. It is enough, however, to comply with the established rules of practice, for the referee to reach a conclusion as to the damages sustained by reason of the injunction, and report the same, with the items of allowance that have been made by him, together with the testimony taken by him on the hearing of the reference. These are all the matter's essential to be before the court for the purpose of fixing the amount of damages to be paid under the bond or undertaking. In this case a large amount of testimony was taken before the referee. It seems to have established that the action was one of very considerable magnitude in respect of the property involved, and the questions of law upon'which the rights of parties depended. It was a case, certainly, in which the defendants were justified in employing eminent and skillful counsel, and in which it was not unreasonable to have employed two of such counsel. Tire case was one in which on such employment, counsel would rightfully expect a reasonable retainer fee proportionate to the apparent magnitude of the litigation. The case required prompt and diligent attention, and seems to have been taken care of by the counsel with commendable diligence. The preparation for the motion to dissolve the injunction re *513 quired much labor, and was so performed as virtually to dispose of the controversy in the action without further serious litigation. If the court were, as is usual on questions of fact on the trial of issues, to be governed, where there is conflicting testimony, by the report of the referee, there would certainly be no difficulty in this case in confirming the report on that ground. Bnt in cases of this kind, it is the duty of the court not to be altogether controlled by a referee’s determination of the questions of fact where the evidence is conflicting, but to investigate and satisfy its own judgment upon the testimony and findings, if any there be, with a view to reach a conclusion which satisfies the conscience of the court.
Brady and Daniels, JJ., concurred.