Bliss *v.* Bliss.

---

GEORGE N. BLISS, Respondent, *against* HATTIE W. BLISS, Appellant.

(Decided June 7th, 1886).

In an action for divorce, a stipulation in writing was entered into between the parties that the right to a trial by jury be waived and that it be referred to a referee to take proof and report. Upon this an order was made referring the action to a referee to take proof of the facts stated

in the complaint and report, with his opinion thereon; and also to take proof of the service of the summons and complaint. Subsequently, defendant served a supplemental answer, upon a stipulation between the attorneys for the parties that such supplemental answer be considered as denied by the reply and the issues thus raised be included in the order of reference already entered; and upon this stipulation another order of reference was entered, that the issues raised by the supplemental answer and reply be tried before the referee in like manner as if included in the original order of reference. *Held,* that as the intention of the parties was apparently to have the issues tried privately by a referee instead of in open court, an order might properly be made amending the orders of reference so that the action and all the issues therein should be referred to the referee to hear and determine the same and report thereon.

Appeal from an order of this court amending orders of reference in an action.

Defendant appealed from an order of the Special Term amending previous orders of reference *nunc pro tunc,* so that they should read: " Ordered that the above entitled action and all the issues therein be and the same hereby are referred to John A. Osborn, Esq., as referee, to hear and determine the same and report·thereon with all convenient speed."

The first order of reference, made upon the original pleadings, was: " Ordered that the above action be referred to John A. Osborn, Esq., to take proof of the facts stated in the complaint, and report to this court with all convenient speed with his opinion thereon ; and also to take proof of the service of the summons and complaint upon this defendant.".

The second order of reference, made when the supplemental answer was interposed, was, that " the issues thus raised by supplemental answer and reply be tried before John A. Osborn, Esq., the referee heretofore appointed herein, in like manner as if included in the original order of reference."

*Everett P. Wheeler*, for appellant.

*James Dunne*, for respondent.

Bliss *v.* Bliss.

J. F. DALY, J.—[After stating the facts as above.]—The intention of the parties, as expressed in their stipulations and the orders entered thereon, and in all their subsequent proceedings, was apparently to have the issues tried privately by a referee instead of in open court; and the order appealed from, amending the orders of reference so as to carry out that intention, was correct and should be affirmed.

The first order of reference was made upon a stipulation in writing that the "right to a trial by jury be waived, and that it be referred to a referee to be named by the court to take proof, and to report to this court." The reference was first suggested in a letter written before that time, and when the cause was reached for trial on the calendar of the court, by the attorneys for the defendant and appellant (who is now objecting to the amendment), to the attorney of the plaintiff and respondent, as follows : " We had hardly thought you were serious in pressing the trial of the Bliss case, but as you now seem inclined to do so, we would suggest that it is for the interest of both parties that the cause should be referred to some suitable person. If you approve of this, we would be glad to have suggestions from you as to who that person shall be."

A subsequent letter from the same writer says : " You are right in assuming that a reference had been decided upon, but before consenting to Judge BOSWORTH we must have our client acquiesce in the choice."

After the entry of the order of reference a notice of trial was given by plaintiff and accepted by defendant, " that the above action will be brought on for trial before John A. Osborn, Esq., referee appointed by this court, to hear and determine the matters in controversy between the parties in the above entitled action, at his office," &c.

When the defendant afterwards obtained leave to serve her supplemental answer, her attorneys and the attorneys for the plaintiff entered into the following stipulation : " It is mutually stipulated that the supplemental answer heretofore served herein be received, that it be considered as

denied by the reply already in, and that the issues thus
raised be included in the order of reference already entered,
and that an order to this effect be entered." It was upon
this stipulation that the second order of reference was
entered.

In a petition addressed to this court by defendant and
appellant, while the action was pending before the referee,
for an allowance for the expenses of the action, she states
that: "The issues in this action as raised by the original
answer were referred to John A. Osborn, Esq., as sole ref-
eree to hear and determine the same on the 22d day of
November, 1884. The issues raised by the supplemental
answer have also been referred to him." Accompanying
such petition is the affidavit of her attorney and counsel,
Mr. Wheeler, which begins by stating, "I am counsel for
the defendant, and have acted as such since the trial thereof
began and prior thereto;" and repeatedly afterwards refers
to the proceedings before the referee as the trial of the action.
Accompanying said petition is the affidavit of Mr. Knevals,
one of the defendant's counsel, stating, among other things,
that the action "is now and has been since the 20th day of
January, 1885, on trial before the referee."

Upon the decision of the action the defendant requested
findings of fact and of law from the referee as upon a trial
of the issues, and asked of him "judgment in her favor and
against the plaintiff upon the merits," and excepted in writ-
ing to his findings of fact and law. It is now her conten-
tion that the proceeding before the referee was not a trial
nor intended to be, but was intended merely for the taking
of testimony as preparation for a hearing at Special Term;
and that an amendment of the orders of reference requires
an amendment of the stipulation which the court has no
power to order.

On the contrary, I find the intention expressed through-
out the case by the parties by stipulation and orders,
and in every possible form of written declaration and ad-
mission, is to try the case out of court and before a referee,
and that the amendment of the orders of reference expresses

Bliss v. Bliss.

exactly what they purposed and designed from the time that a reference was first suggested.

The suggestion that the court should impose terms of the amendment is not, in my opinion, reasonable. No favor is extended to plaintiff; he gets only what he is legally entitled to.

The order should be affirmed.

VAN HOESEN, J.—In my opinion, both parties intended that the referee should hear and determine the issues (subject, of course, to the application to the court for its approval of his proceedings that section 1229 and rule 77 make an indispensable preliminary to the entry of judgment in an action for divorce). The attorneys appear not to have had at the time a clear recollection of the requirements of the law, for they assumed that they could select the referee though rule 73 forbids the appointment of a referee selected by the parties. I believe that both parties supposed that the stipulation provided for a trial of the issues first, and then for the submission of the referee's report to the court in obedience to the requirements of rule 77 and section 1229. This was their meaning, imperfectly and inartificially expressed. Judge ALLEN did not make a new stipulation for them, but simply gave form to what both parties intended at the time the stipulation was signed.

I concur with Judge DALY.

LARREMORE, Ch. J., dissented.

Order affirmed.