ISABEL SIDWAY, Appellant, v. ELIZA D. SIDWAY et al.,
Respondents.

*Supreme Court, Fifth Department, General Term, October 19, 1889.*

1. *Appeal. Equity.*—When issues, in an equity case, are sent to a jury
for trial, the court may adopt the verdict and find the facts in accord-
ance therewith, or may disregard it and make its own findings. The
case is to be reviewed on appeal on the findings and decision of the
court, as though no fact had been submitted to the jury.

2. *Reformation. Mistake.*—Where, at the time a deed is delivered for the
conveyance of land in fee, it is intended by the parties thereto as a
security for a loan of money, or of a pre-existing debt, the fact may be
proved by parol evidence, though no fraud or mistake is alleged as a
ground for relief.

3. *Same.*—Such parol evidence must have the force and conclusiveness not
required on the trial of ordinary issues.

4. *Same.*—Such claim cannot be sustained upon the unsupported testimony
of an interested witness, nor where contradicted by other equally
credible evidence.

5. *Same.*—Where no considerable difference exists between the market
value of the premises and the amount claimed to be secured, the char-
acter of the conveyance is a significant circumstance to indicate the
intention of the parties.

6. *Witness. Section 829.*—Where both the plaintiff and defendant claim
through the same deceased party, the plaintiff is incompent to testify to
conversations between the deceased and the defendant. But the de-
fendant is a competent witness, within the exception of section 829 of
the Code, to testify to the same conversations testified to by the plaintiff.

Appeal from a judgment dismissing the plaintiff's com-
plaint on the merits with costs, entered on the decision of
the Erie county special term.  The action was to reform a
deed conveying certain premises located in the city of
Buffalo in fee, to the defendant, Eliza D. Sidway, and to
have the same declared a mortgage to secure the sum of
$5,000, and to allow the plaintiff, who claims to be the pres-
ent owner of the fee, to redeem the premises therefrom.

The deed was made and executed on the 14th day of April, 1884, by William J. Sidway and the plaintiff, his wife, to the defendant, Eliza D. Sidway, who was the mother of the said William J., expressing a consideration of one dollar only.

At that time the grantor, William J., was the owner of the fee, having derived his title as the sole heir-at-law of his deceased father, John J. Sidway, subject to the unmeasured right of dower of the defendant, who is the widow of the said John J. Sidway.

The premises are located in the business part of the city of Buffalo, and were in part occupied as the residence of the parties to the deed, the first floor being rented to third parties as a place of business.

The value of the premises at the time the deed was executed was found by the court to be $20,000, subject to a mortgage, in amount about $13,000, and the value of the widow's right of dower was estimated by the court to be $735.

After the deed was delivered, the parties continued to reside on the premises, living together as one family until the death of William J., which occurred in June, 1885. At that time the plaintiff was pregnant with child, that was born alive, and died a few days thereafter, and the plaintiff claims title to the premises as its sole heir-at-law. Special issues were framed to be tried by a jury which embraced all the material questions of fact in dispute, all of which were answered by the jury in the plaintiff's favor, and if they had been adopted, and embraced in the decision of the court, would have entitled the plaintiff to the relief demanded. Thereafter the trial of the action was moved at special term, held by the same justice who presided at the trial before the jury, and the plaintiff, to maintain the issues on her part, offered in evidence a duly certified copy of the findings of the jury, together with all the evidence taken upon that trial, which was read and submitted to the court and thereupon the plaintiff rested, and the defendant offered no evidence.

The special term made and filed a decision, passing upon all the material issues, and found and held, as a matter of fact, that on the 12th day of April, 1884, the decedent, William J. Sidway, and the plaintiff herein, executed and delivered to the defendant, Eliza D. Sidway, a quit-claim deed of the lands and premises, in payment and discharge of the loan of the sum of $5,000, made by the said Eliza to the said William J., in March, 1884, and that there was no understanding or agreement that the said deed was given as a security for the said loan, and that a fair market price was paid for the premises.

The plaintiff made requests that the court make findings of fact in conformity to the verdict of the jury, which were refused, and the plaintiff excepted.

*George T. Quinby*, for appellant.

*William L. Marcy*, for respondents.

BARKER, P. J.—The judgment is to be reviewed on this appeal the same as if the trial had been by the court without the intervention of a jury. Where feigned issues have been sent to a jury for trial, the court may adopt the verdict and find the facts in accordance therewith, or may disregard it and make its own findings, and when the case comes up on appeal it is to be reviewed on the findings and decision of the court, as if there had been no submission of any question of fact to a jury. Colie *v.* Tifft, 47 N. Y. 119 ; Acker *v.* Leland, 109 Id. 5 ; Carroll *v.* Deimel, 95 Id. 252.

The court may retry the same questions on the evidence taken on the trial before the jury; or proceed *de novo*, and require the parties to produce original proofs. At the special term the plaintiff submitted the case on the special findings of the jury, and the evidence taken on that trial. The same judge presided on both trials. Although no

formal order appears to have been made setting aside the verdict, it was wholly disregarded at the special term, and there was a refusal to incorporate in its findings of fact any of the facts found by the jury.

These rulings have the effect of setting aside the verdict and retrying the case on the evidence taken on the trial on the special issues. The learned trial judge was not satisfied, from the evidence, that the conveyance was intended as a mortgage to secure the grantee for the loan of money made by her to the grantor a few days prior to the execution of the deed. This was the plaintiff's position, and the burden of proof was upon her to sustain the allegation.

It seems now to be well settled that if at the time the deed is delivered for the conveyance of land in fee, it is intended by the parties thereto as a security for a loan of money, or of a pre-existing debt, the fact may be proved by parol evidence, although no fraud or mistake is alleged as a ground for relief.

If the transaction was in substance a loan of money upon the security of the premises, equity will look through the form of the conveyance and declare it to be a mortgage, that the intention of the parties may prevail. This doctrine is so uniformly declared by the courts, that it is no longer open for discussion, at least in courts of this state.

The parol evidence, however, upon which the grantor relies to establish that a deed executed by him, absolute in terms, was intended only as a mortgage, must have the force and conclusiveness not required on the trial of ordinary issues. The power of the court to reform such a deed on parol proof, and declare it to have been executed simply as a security for the payment of a debt, is to be exercised with the greatest caution and only when the alleged grounds of interference are fully made out so as to be clear from doubt. Campbell *v.* Dearborn, 109 Mass. 130. As many of the cases state the rule, the evidence must be clear, explicit, unquestioned, and satisfactory. Erwin *v.* Curtis, 43 Hun, 292, and the cases there cited.

We repeat the rule as stated by another tribunal whose judgment commands the highest respect, Howland *v.* Blake, 97 U. S. 626, viz.: "In each case the burden rests upon the moving party of overcoming that strong presumption arising from the terms of a written instrument. If the proofs are doubtful and unsatisfactory, if there is a failure to overcome this presumption by testimony, entirely plain and convincing beyond reasonable controversy, the writing will be held to express correctly the intention of the parties    *    *    *    A deliberate deed or writing is of too much solemnity to be brushed away by loose or inconclusive evidence." We are all of the opinion, that this presumption is not overcome by satisfactory and convincing evidence, and we fully concur with the trial court, that the evidence is not of that strength and character which the law requires in this class of actions, and that it would be unsafe to rely upon such proofs, and if the plaintiff's demand should be granted, on the evidence produced by her in the case, titles to land in this state would be very insecure and uncertain.

It is admitted by the defendant that the grantor, her son, was engaged in erecting works for manufacturing purposes and on the 22d day of March, 1884, she loaned him the sum of $5,000 to aid him in that enterprise. The deed in question was executed and acknowledged on the 12th day of April, the same year. The defendant claims that this deed was executed in satisfaction of that debt. It does not appear that the grantor (the borrower) ever delivered to the grantee any written evidence that he was indebted to her for the money loaned, or that she ever made any claim against the borrower or his estate on account of such loan. The trial court also found that the defendant paid a fair market price for the premises, and this conclusion is well supported by the evidence. In a case where there is no considerable difference between the market price of the premises conveyed and the sum which it is claimed that the deed is intended to secure, it is a significant circumstance as indicating that the

intention of the parties is manifested by the character of the conveyance.

Without the aid of the plaintiff's own evidence, the plaintiff's case would be left in so much doubt and uncertainty as to the intention of the parties that her complaint would have been dismissed for failure of proof. It it enough to say that the only direct evidence of an agreement by the defendant, that the transaction be treated as a mortgage, is that of the plaintiff herself. Many of the cases hold, that upon the unsupported testimony of an interested witness a decree declaring a deed absolute in terms to be only an instrument for the security of debt cannot be sustained. In other cases it is held, that where the evidence of a party rests chiefly on the testimony of one witness, and that is disputed by a witness of equal credibility, a case for relief is not made out. The plaintiff does not pretend that she was present and heard the preliminary negotiations between the parties, relative to the making of the loan and how it was to be secured or repaid, but her evidence is confined to a mere statement made by the defendant to the decedent, that she was willing to make the loan to be secured on the premises.

The material part of her evidence is very brief, and is to the effect, and nothing more, that some days before the deed was executed, when she and the other parties were at the dinner-table, the defendant said : " Willy (the grantor), I will let you have $5,000 if you and Bell (the plaintiff), will give me security on this building; I don't care how long you have the money, and you can have it without interest, but when you pay back the money you can have a release of the property." On another occasion before the deed was executed, the same parties being present in the house of the defendant, she said : "You know, Willy, you are to have the money ; arrangements have been made for the same, but you are to give me security on this building.

Accepting this evidence as entirely truthful, it is obvious that the statements made by the defendant on the occasion to

which the witness refers, does not include all the negotiations had between the parties relative to the loan and the mode and manner agreed upon for its repayment. To these remarks, evidently casually made, William J. Sidway, the grantor, made no reply, and it cannot be fairly inferred from his silence that he assented to the proposition.

The plaintiff makes a very significant confession, and which cautions the court not to rely upon her evidence as disclosing all the features of the transaction, for she says the defendant and her husband had a considerable business together which was not transacted in her presence, and that she knew nothing about their affairs, as they did not talk business in her presence, and did not want her to know anything about it. It would be very inconsiderate for a court to hold, from the evidence of the plaintiff, that the terms of the loan and the mode and manner agreed upon for its repayment were arranged between the parties upon the occasions mentioned by the witness. If we are not able to say that all the negotiations between the parties relative to this transaction have been disclosed in this item of evidence, given by an interested witness, then it cannot be said that it has been clearly and satisfactorily established that the deed was intended as a mortgage and not as an absolute conveyance of the fee of the land.

While we cannot entirely push aside the evidence of the servant, who claims to have heard some conversation between the parties relative to this subject, we think it has slight, if any, probative force, as it appears that she has made contradictory statements as to the import of the conversation which she attempted to relate.

The plaintiff's evidence is to be scrutinized and received with great caution, for she is the only party interested in securing the release demanded.

The defendant, as a witness in her own behalf, denies that she ever made the statements testified to by the plaintiff. As has already been stated as a general rule, a deed is never reformed into a mortgage on parol evidence, where the same is disputed by other witnesses equally credible.

It is proper in this connection to consider another of the plaintiff's exceptions. The defendant's evidence just referred to was received over the plaintiff's objection that she was incompetent as a witness to dispute the plaintiff's evidence under the provision of § 829. The defendant was a party to the conversation and is also interested in the result of this action. But the defendant was a competent witness, within the exception of this statute, to testify on her own behalf, to the same conversation testified to by the plaintiff, who claimed title under and through William J. Sidway. It may be remarked that the evidence of the plaintiff, relative to the conversation between the defendant and her grantor as to the loan and the character of the conveyance, was not competent, as she claims title in fee to the land through William J. Sidway, her late husband, and can only succeed in this action by showing that the deed to which she is herself a party was intended as a mortgage. The defendant claims title through the same source, but as the evidence was received it must be considered competent for the purposes of this appeal.

The case of Ensign *v.* Ensign, 14 N. Y. State Rep. 181, has been referred to and commented upon as an authority in support of the appellant's contention, that the evidence was sufficient to justify the court in reforming the deed. In that case we stated the rule in the precise language in which it has been stated in this, citing Erwin *v.* Curtis, *supra*, with approval. The majority of the court in that case were of the opinion that the parties to the action, both of whom were sworn as witnesses, substantially agreed in their statements as to the nature and character of the parol agreement entered into at the time the deed was executed, and sustained the judgment entered upon the report of the referee, who found as a fact that it was the intention of the parties to have the conveyance operate as a security for the money advanced and to be advanced.

The defendant called and examined as a witness Mr. Gorham, who was the general counsel for the grantor, and it is

claimed that he was permitted to testify to a confidential communication made to him relative to the object and purpose of executing the deed, in violation of the provisions of § 835 of the Code of Civil Procedure. The substance of the statement made by the grantor to Mr. Gorham, as testified to by him was, that he had had a great deal of money from his mother and that he had agreed to give her a conveyance of the property and requested him to prepare the deed. The point of the objection is, that this was proving the grantor's statement that he was to give her a deed absolute in terms, which tended to support the defendant's contention. We need not, in view of the plaintiff's position as stated in the complaint, pass upon the question whether this was a privileged communication or not, for it is her position that the deed was to be absolute in terms, but by an arrangement between themselves it should operate only as a mortgage. The plaintiff does not claim that there was any fraud or mistake in executing the deed in the form in which it was delivered, and relies wholly upon contemporaneous parol agreement, that in its operation it should be regarded as a security only. Therefore the evidence which Mr. Gorham was permitted to give was not contradictory, in any respect, of the position assumed by the plaintiff, and the evidence could not have harmed her case in the least, and the exception should not prevail.

All the other exceptions have been considered with attention, and we see no sufficient reason for reversing the judgment.

Judgment affirmed, with costs.

Dwight and Macomber, JJ., concur.

NOTE ON "REFORMATION OF WRITTEN INSTRUMENT."

An action to reform is not necessary, where the mistake appears from the instrument, and the intent of the parties can positively be ascertained. N. Y. L. I. Co. *v.* Aitkin, 57 Supr. 42.

The reformation of a written instrument, based upon a mutual mistake,

will not necessarily be denied, because the evidence is conflicting. Jenkins *v.* Lefaiver, 55 Hun, 612.

He, who alleges fraud as a basis of an action for reformation, must prove it by a clear preponderance of credible evidence. Kelsey *v.* McNair, 58 Hun, 601.

The rule as to reforming a written instrument in equity, stated. Stryker *v.* Schuyler, 51 Hun, 637.

To justify the reformation of a written instrument, the evidence should be clear, convincing, and satisfy the court. Id.

The rules as to the reformation of a written instrument on the ground of mistake, stated. Devereux *v.* Sun Fire Office, 51 Hun, 147.

In such case, the evidence must be conclusive and not merely preponder- ating. Id.

The proof necessary for the reformation of contract stated. Hirshbach *v.* Schmalz, 54 Hun, 637.

That the plan cannot be carried out, does not prove an omission or fraudulent suppression. Id.

Where one party mistook the terms, and the other mistakenly supposed that he had embodied the actual terms of the oral contract, the court will reform the written contract. Linton *v.* Unexcelled F. W. Co., 128 N. Y. 672; reversing 59 Hun, 619.

Mistake or fraud, not alleged or found, defeats the reformation of a deed. Herrick *v.* Starkweather, 54 Hun, 532.

As to what must be shown to entitle a party to reform an insurance policy. See Avery *v.* Equitable L. A. Soc., 117 N. Y. 451; rev'g 56 Hun, 392.

A misunderstanding by one party only as to the premises covered by a lease is no ground for reformation. Grauel *v.* Soeller, 52 Hun, 375.

The evidence, in this case, was held insufficient to justify a reformation or modification of the lease. Wood *v.* Gordon, 38 N. Y. St. Rep. 455.

A reformation of a general release cannot be had by reason of a subse- quently discovered claim, where its nature was known when signed. Duff *v.* Hutchinson, 57 Hun, 152.

Where, through mutual mistake, the partnership articles fail to express the contract made, or the mind of either party, they may be reformed. Everett *v.* Jones, 60 Hun, 576.

Where a husband and wife took back a joint mortgage for lands sold by them, and the husband bid in the lands on foreclosure, taking the title in his own name without her knowledge, she can maintain an action to re- form the deed after his death, where she did not discover the actual state of the case before that time. Dunworth *v.* Dunworth, 59 Hun, 619.

Where, by mutual mistake or oversight, the printed portion of a deed contained a covenant against the erection of any buildings except of brick or stone with slate or metal roofs within forty feet of the front, and such covenant was not called for by the contract, the deed should be reformed by striking out the covenant. Jackson *v.* Kinsey, 55 Hun, 605. See further, Paisley *v.* Casey, 41 N. Y. St. Rep. 339.