Gildersleeve, J.
This is a motion to confirm a referee’s report. The referee was ordered to determine whether any, and, if any, what alimony and counsel fee ought to be awarded to the plaintiff herein, and to report the facts found and his opinion thereon. After all of the plaintiff’s testimony and a part of defendant’s evidence had been given, defendant took plaintiff’s default on plaintiff’s failure to appear on an adjourned day of the reference, and, on defendant’s motion, the referee declared the proceedings ended. The referee then proceeded to make his report, in pursuance of the directions contained in the order appointing him, giving the facts found, i. e.', the testimony taken, together with his opinion thereon.. His report is in favor of the plaintiff.
The testimony was' closed at the defendant’s own¡ *258 request; but the learned counsel for the defendant contends that inasmuch as defendant took plaintiff’s default, the report should have been in defendant’s favor. This contention cannot be sustained. The reference was not dor the trial of the issues in an action, but merely for the purpose of aiding the conscience of the court in detertmining the question of alimony and counsel fee pending 'before it on motion. The sole power of the referee was to take testimony on the subject and report it to the court with his opinion thereon. This he has done.
Nor, on the other hand, is the plaintiff’s contention • well taken that inasmuch as defendant has not filed his exceptions to the report within eight days after service of notice of the filing of the report, the same stands in all respects confirmed, under Rule 30 of the General Rules of Practice, even though-it were defective on its face (Catlin v. Catlin, 2 Hun, 378). Rule 30 provides that “ In references, other than for the trial of the issues in an action, •or for computing the amount due in foreclosure cases . . . . the report of the referee shall be filed with the testimony, . . . and the said report shall become absolute, and stand as in all things confirmed, unless exceptions thereto are filed and served within eight days after service of notice of the filing of the same. If exceptions are filed and served within such time, the same may be brought to a hearing at any Special Term thereafter, on the notice of any party interested therein.” This rule, however, does not deprive the court of the power to cancel the report for good cause (Willson & Adams Co. v. Schorpp, 41 State Rep. 471) ; nor does it take away from the court its discretionary power of modifying the report, inasmuch as the sole purpose of the reference was to aid the court in arriving at a just disposition of the question of alimony and counsel fee. This question was pending on motion before the court, and the reference was ordered to aid the court in determining this question. The evidence was returned with the report of the referee. *259 This report is in no wise binding upon the court, for it has the power to disregard it and draw its own conclusions from the evidence (Marshall v. Meech, 51 N. Y. 140). Wet, under the provisions of Rule 30, this report, having heen filed with the clerk, and no exceptions having been filed before the expiration of eight days after service of the notice of filing, would stand confirmed. But this would not determine the motion, for it would still be pending before the court, and the court would not be bound by the report. It therefore seems that the rule has no application to references made for the purpose of aiding the conscience of the court in determining questions pending before it (Martin v. Hodges, 45 Hun, 38).
It is not necessary that the exceptions should be filed in order to afford the adverse party an opportunity to review the same; for an opportunity is given to review the same when the evidence and report are brought before the Special Term, and again by an appeal from an order made by the Special Term thereon (Martin v. Hodges, supra). The power of the court to allow exceptions to be filed after the prescribed time has expired is not questioned (Spitz v. Tousey, 14 State Rep. 871 ; Gallagher v. Grand Trunk Ry. Co., 23 Id. 31); but the defendant has not asked for such leave, nor do I deem it necessary that they should be filed.
The question before the court is : Does the evidence ■sustain the conclusions of the referee ? After hearing a re-argument of this motion, and examining the questions presented with much care, I find no good reason for making any change in the decision heretofore rendered. While the evidence on the question of defendant’s ability to pay counsel fee and alimony is not entirely convincing, it seems to support the conclusion reached. Future ■developments may require a modification of this decision, but I think the record now before me calls for the action taken. The learned counsel for the defendant has opposed with great ability and much good law the con *260 firmation of the referee’s report, and insists that the evidence shows the defendant to be wholly unable to pay any counsel fee or alimony. I am unable to agree with his contention. The defendant should be relieved from the obligation which this decision imposes upon him only when he shows by convincing and entirely satisfactory-proof his inability to pay. An early trial can be had, and. should the plaintiff succeed, alimony can be adjusted in accordance with the new testimony. As the. evidence now stands, I feel bound to adhere to the modification of the referee’s report as already directed-.
Fifty dollars per month is allowed as alimony, and! $250 as counsel fee. The costs and disbursements must be taxed by the clerk. The order to be entered hereon-may be settled on one day’s notice.
Note on the Practice as to References, and the necessity OF EXCEPTIONS TO THE REPORT, THE EFFECT OF THE. REPORT, AND THE CONFIRMATION OF COURSE FOR OMISSION TO EXCEPT.
The significance of the case in the text seems to be in its interpretation of an ambiguous or equivocal order of reference. The order commenced by directing the referee to “ determine,” but in the end it contained a direction that, upon the coming in of the report the" motion should be: brought on again.
In contrast with this, Bliss v. Bliss, 13 Daly, 489, was the-direct converse.
There a stipulation by the parties in an action for divorce, waiving the right to a trial by jury, and consenting that it be referred to a referee to be named by the court, to take proof and to report to this court, was held, in view of the declarations and admissions of the parties with regard thereto, to authorize a reference to hear and determine: the issues. Com. Pl., 1886, Bliss v. Bliss, 11 Civ. Pro. R. 94; s. c., 13 Daly, 489.
Larremore, Ch. J., dissented, citing Willmore v. Flack, 6 Civ. Pro. R. 191 ; Sullivan v. Sullivan, 41 Super. Ct. 519 ; Wertheimer v. Wertheimer, 1 Month. L. Bul. 34 ; Kane v. Astor’s Executors, 5 Sandf. 467 ; and dist’g Baird v. Mayor, 74 N. Y. 382 ; Renouil v. Harris, 2 Sandf. 641 ; McCleary v. McCleary, 30 Hun, 154.

*261
Notes of Authorities,

Code Civ. Pro. §§ 827, 1013 and 217, and No. 85 of the General Rules of Practice, should be considered.
Equity practice on reference of part of the issues arising on the pleadings.] Van Sanivoord's Eq. 499, says : “ If the reference be of but one or more of the issues of fact, leaving others still undetermined, the notice served with the copy of the report should be that the party will bring the cause to trial and move upon the issues so found and other issues to be determined by the court for judgment. References, however, of only a part of the issues of fact, leaving others for subsequent hearing 'before the court, are not common.”
1 Van Santvoord’s Eq. 493. “ References of specific questions of fact. This proceeding, authorized by the first subdivision of section 271 of the Code of Procedure, may properly be regarded in the light of a trial, and not a mere interlocutory reference where .all the issues or questions of fact are so referred.”
Oteri v. Scalzo, 145 U. S. 578. Suit for the dissolution of a partnership. At the hearing on the pleadings and proof, the parties consented to a reference to a master “ to pass upon the accounts herein and to report thereon.”—Held, that notwithstanding the reference was by consent, and the master had considered the "whole case without objection, on coming in of the master’s report, the circuit court might disregard it, and render a decree at variance with it.
The court say: “ In Kimberly v. Arms, 129 U. S. 512, 524, it was said by Mr. Justice Field, delivering the opinion of the court: ‘A reference by consent of parties of an entire case for the determination of all its issues, though not strictly a submission of the controversy to arbitration—a proceeding which is governed by special rules—is a submission of the controversy to a tribunal of the parties own selection to be governed in its conduct by the ordinary rules applicable to the administration of justice in tribunals established by law. Its findings, like those of an independent tribunal, are to be taken as presumptively correct, subject, indeed, to be reviewed under the reservation contained in the consent and order of the court, when there has been manifest error in the consideration given to the evidence, or in the application of the law, but not otherwise.’ But here the case was referred to the master ‘ to pass upon the accounts herein and report thereon,’ and while the master considered the whole case apparently without objection, we do not regard the rule laid down in Kimberly v. Arms as applicable.”
*262 — exceptions.] “ The usual mode of reviewing or correcting a. referee’s report in all cases other than a report made upon the trial of issues, is by taking exceptions to it; that is, by filing exceptions, with the clerk within eight days after notice received of the filing-of the report, pursuant to the 32d of the present [i860] rules of the court corresponding to the no Chancery Rule.” I Van Santvoord’s Eq. 565.
[Note.—The 32d Rule above referred to is now substantially-contained in the 30th Rule of the present rules of the court.]
The 110th Rule of the Rules of Chancery in this State [1830], was as follows : “ After the report is filed either party may have an. order of course to confirm the same, unless cause to the contrary thereof be shown in eight days ; and if no exceptions are filed and served within that time, the order shall become absolute, of course, without notice or further order ; or either party may file exceptions, and have an order of course to confirm the report so far as the same is not excepted to and with like effect.”
— directing master to revise his reporti] 1 Van Santvoora's Eq. 565. “ By the former practice, and it is presumed also by the present, the court will sometimes direct the master (referee) to-review his report, without requiring exceptions to be taken ; or if taken, will direct it to be reviewed upon other grounds than those covered by the exceptions.”
— reviewing without exceptions.] “ But it is sometimes unnecessary on the allowance of an exception to send back the report for review. Thus the court may modify a report as to the amount of damages, and settle the account itself without referring it back to-the referee.”
Equity practice in interlocutory references.] I Van Santvoord’s Eq. 522, says: “ The general powers of referees on interlocutory orders-are not prescribed in any section of the Code of Procedure. Section 272.....applies only to the trial of issues..... A referee in these cases [interlocutory orders] is a mere substitute for a master in chancery and must conform to the rules and practice of the court so far as applicable under the Code. [Citing Palmer v. Palmer, 13 How. 363; Ketchum v. Clark, 22 Barb. 319; Graves v. Blanchard, 4 How. Pr. 300; Van Zandt v. Cobb, 10 Id. 348.]
Furber v. Ferris, 145 U. S. 132. The administrator of a person, killed at a railway crossing filed an intervening petition in the U. S. circuit court to recover damages of the receiver of the railroad,, appointed in a foreclosure suit. The cause was referred to a master to take testimony therein and to report to the court his- *263 findings of fact and conclusions of law. This he did, and the circuit court, after reviewing the evidence, concurred in his findings and conclusions.—Held, upon appeal to the supreme court, that the findings and conclusions of the master must be taken as presumptively correct, and in absence of any obvious error in the application, of the law, or any serious mistake in the consideration of the evidence, the decree affirming the master’s report should be permitted to stand.
Distinction as to references in former equity practice.] 2 Barb. Chanc. Pr. (2 ed.) p. tog, it is said: “ Those reports only require confirmation which come within the description of * reports strictly so called,’ i. e., those upon which it was intended to found a decree or decretal order. If it be merely a report, which comes more properly under the head of a certificate, ‘ made upon or in consequence of an interlocutory application by motion, which is intended as ax foundation for issuing the process of the court, or for another interlocutory order, it requires no confirmation...... Of this class are certificates of paper, being deposited;.....reports-. approving proposals for a receiver or consignee, or reports on passing their accounts; reports computing subsequent interest, or apportioning a fund between the parties, upon principles and in-the proportion declared by the court...... Though they are liable to exceptions if either party is dissatisfied with the master’s determ ¡nation.”’
Distinction under the Code.] In Drexel v. Pease, 129 N. Y. 96, the court say: “By the last clause of section 1013 of the Code, power is given, in such a case as this, to order a reference * to report the referee’s findings upon one or more specific questions of fact involved in the issue.’ The other references provided by this section are to hear, try and determine. The last clause confers power upon the court to refer one or more specific questions of fact, not to determine, but to report upon, for the information of the court. That is all that was done in this case. The Special Term was not bound by any finding or ruling of the referee. It could adopt the findings, or, from the testimony, make new ones."
Upon trial by a referee of the issues of fact or law the referee has substantially all the powers of the court at Special Term or Circuit. Code Civ. Pro. § 1018.
See Schuyler v. Smith, 51 N. Y. 309.
Reference of fartly tried cause.] Central Trust Co. v. N. Y. City & Northern R. R. Co., 18 Abb. N. C. 381. Upon the trial of ana action for the foreclosure of a railroad mortgage, the court found; *264 that the bonds were voidable except as to bo7ia fide holders for value.—Held, that it was not obligatory upon the court to render thereupon an interlocutory judgment embodying findings of fact and law, but it might direct a reference to ascertain who are the holders of the bonds, and how and for what they had acquired them, etc., for information of the court and to enable it to render final judgment.
The takiTig of “ evidence " to be used on the trial, Tiot allowed..] Farmers’ Natl. Bk. of Malone v. Houston, 44 Hun, 567. In an action for the foreclosure of a mortgage an order was made directing that it be referred to a referee to take the evidence and report the same to the court, and that after the evidence had been taken and filed, the cause should be brought to trial before the court upon the pleadings -and evidence so taken. On appeal, held, that the order should be reversed on the ground that a compulsory order to take testimony to be used on trial before the court before a referee was prohibited, the State constitution, art. 6, § 8, providing that testimony in equity cases shall be taken in like manner as cases in law.
The court say: “ The provision of section 827 does not affect this question. That section, by its language and its position, has evidently nothing to do with the trial of issues. The reference thereby authorized is such as just previous to the abolition of the court of chancery might have been made to a clerk or a master. Whatever may have been the early history of the office of master, it is well known at the time referred to evidence on an issue was not taken before a master but before an examiner (1 Barb, Ch. Pr. 277).
Special questio7is fori7ierly called feigned issues.] Sidway v. Sidway, 26 State Rep. 898 ; S. C., 7 N. Y. Supp. 421. Where special issues have been framed by the court and sent to a jury for trial, the court may adopt the verdict and find the facts in accordance therewith, or may disregard it and make its own findings, and when the case comes up on appeal it is to be reviewed on the findings and decision of the court as if there had been no submission of fact to a jury. [Citing Colie v. Tifft 47, N. Y. 119; Acker v. Leland, 109 Id. 5 ; Carroll v. Deimal, 95 Id. 252.]
1 Reference 071 infant's answer.] Muhlenbrinck v. Pooler, 40 Hun, 526. Action for specific performance. Defendant, an infant, answered toy his guardian ad lite7n submitting his rights and interests to the protection of the court. A reference was thereupon ordered directing the referee to report the evidence with his opinion.—Held, that *265 when the case was brought before the court, subsequent to the hearing and report of the referee, the court was not concluded by the findings of the referee, but the case was presented for the court’s examination and decision upon the evidence that had been taken.
Matrimonial action.] Gade v. Gade, 14 Abb. N. C. 510. In an .action for separation, the defendant made default in answering, and -a reference was made to take proofs and to report such proofs with •opinion to the court. On motion by defendant for confirmation and .a cross-motion by plaintiff for judgment,—held, that no exceptions having been filed, the court was precluded by Rule 30 from reviewing the referee’s conclusions. Following Catlin v. Catlin, 2 Hun, 378.
Schroeter v. Schroeter, 23 Hun, 230. Code Civ. Pro. § 1229—pro-viding that where a reference is made in matrimonal causes the testimony and other proceedings upon the reference must be certified to the court by the referee with his report; and judgment must be rendered by the court—does not authorize the court to examine the evidence and to review the findings of the referee; but if it appears that the proceedings before the referee were regular and free from fraud and collusion, and the evidence is sufficient to uphold the referee’s finding of fact, it is the duty of the court to enter judgment upon the report.
S. P., Goodrich v. Goodrich, 21 Weekly Dig. 264; Rice v. Rice, 22 Id. 258; Matthews v. Matthews, 6 N. Y. Supp. 589; Ross v. Ross, 31 Hun, 140.
Reference in special proceedings.] Matter of Bennett, 21 Abb. N. C. 238 ; s. c., 48 Hun, 612. Code Civ. Pro. § 1019,—allowing a party to terminate a reference, if the report is not filed and delivered within sixty days after submission,—does not apply to a reference in a special proceeding, such as an application by petition to compel an attorney to pay over moneys of his client.
Report evidenced] Fox v. Moyer, 54 N. Y. 125. Action to set .aside a conveyance. A reference was ordered to take and report the evidence; and the cause was brought to trial upon the referee’s report.-—Held, upon appeal to the court of appeals, that the referee had no power to pass upon objections to evidence, and objections taken before him that were not renewed, ar.d rulings had thereon upon trial before the court, were not available upon appeal.
Report with evidence.] “ Sometimes orders direct the master to report the testimony ; sometimes to report it if either party require him to do so. In these cases the testimony should be annexed, certified by him, but not embodied in the report. [Citing 1 Hoff. *266 Pr. 545.] But either party may apply to the master for certified' copies of the testimony to be used upon the argument of exceptions to the report.” 2 Barb. Ch. Pr. (2 ed.) p. 107.
Amsdell v. Martin, 20 Weekly Dig. 370. Reference to hear and determine a dispute between client and attorney as to the latter’s, charges in an action. Held, that such reference was within Rule. 30, and that therefore the evidence should be filed with the report,, so that the unsuccessful party might have an opportunity to file, exceptions.
Niebuhr v. Schreyer, 22 Abb. N. C. 12 (N. Y. Com. Pleas, Sp. T. 1888). Where an interlocutory judgment directed a referee to. take a partnership account.—Held, that the reference must be regarded as a reference “ other than for the trial of issues within the Supreme Court Rule 30, and the testimony must therefore be signed- and filed with the report and notice of filing served, giving opportunity to the adverse party to file exceptions.
References of questions arising on motion.] Marshall v. Meech, 51 N. Y. 140. Motion to vacate satisfaction of judgment and for leave-to issue an execution by plaintiff’s attorney, who claimed an interest in the judgment. The court referred the question whether defendant had notice of the attorney’s interest.—Held, that such-a reference, being merely for the purpose of informing the conscience of the court, the finding of the referee was not conclusive upon it, but might be adopted or disregarded.
Amsdell v. Martin, 20 Weekly Dig. 370. A dispute existed between attorney and client concerning the attorney’s charges in an action,—Held, that under the preceding practice of this character between a solicitor and his client, the question, would inequity,, have been referred to a master to hear the proofs and report upon, them, and that practice has been continued by Code Civ. Pro. § 827 and that by § 1015, it has been further provided that upon a motion a reference may be made to a referee “ to determine and report upon a question of fact arising in any stage of the action,” and that this was an action of this description, and by the language of that section, the court was empowered to direct the referee to determine-the controversy.
Reference to determine and report with testimony.] Ayres v. Village Hammondsport, 13 Civ. Pro. R. 236; s. c., 11 State Rep. 706. Upon a motion to set aside a verdict on the ground that the jury had been unduly influenced, the court directed a reference of specified questions of fact, and directed the referee to determine- and report thereon with the testimony taken.—Held, that upon such a reference, the referee has power to, and should, as an *267 incident to the power to determine, decide upon the desirability of evidence.
The court say : “ The reference in this case was, not simply to-take and report the evidence, but it was under the last clause of section 1015 of the present Code to determine and report upon the questions of fact which arose upon the motion as well as to report, the evidence taken.”
Reference to report “ evidence with opitiion not obligatory on court.] Woodford v. Rasbach, 6 Civ. Pro. R. 315, Motion to set. aside a satisfaction of judgment. The motion was referred to a. referee with directions that he report the testimony taken by him and his opinion thereon.—Held, that although the court was not bound by the findings of the referee, they were entitled to respectful consideration.
Sanders v. Rhewbottom, 7 State Rep. 167. Upon motion by a judgment debtor to set aside the judgment and proceedings under an execution issued at the instance of an assignee of’the judgment, among other reasons on account of a prior assignment thereof to which the assignee was a stranger, an order having been made referring the matter to a referee to take proofs and report the same with opinion.—Held, that the referee’s-findings were mere opinion, and that the question was open for the court to determine on the return of his report, and that upon appeal it must be presumed that the findings of the court were such as would sustain the order made.
— not a reference within Rule 30.] Attorney-General v. Continental Life Ins. Co., 64 How. Pr. 93. An application by a former receiver of an insurance - company for compensation was referred with directions to the referee to report the evidence taken by him with his opinion.—Heidi that it was unnecessary to file exceptions, to the referee’s report, as such a reference was not within Rule 30, the referee having no power to decide questions between the parties,
— exceptions not required.] Martin v. Hodges, 45 Hun, 38. Motion to open a judgment entered by default and for leave to answer. The question whether an answer had been served in time, was referred to a referee to take proof and report to the court. The referee reported in favor of plaintiff.—Held, that the court had power to confirm the report, although it had not been filed eight, days in accordance with Rule 30.
The court say : “ The matter referred in the case under consideration was pending before the special term, and the reference ordered was merely to aid the court in determining the questions involved in the motion. The evidence was returned with the; *268 •report of the referee. The report of the referee was in no wise binding upon the court, for it had power to disregard it and draw its own conclusions from the evidence.”
— court may control proceedings before refereel] Stubbs v. Ripley, 39 Hun, 620 ; aff’d in 103 N. Y. 663. Upon the hearing of a motion to continue an injunction, a reference was ordered to report proofs with opinion. Subsequently, an order was made directing certain affiants to be produced by the defendants before the referee for cross-examination, and that they should be examined in the order named, unless the referee in his discretion should postpone the examination of any affiant fof a cause personal to that affiant.'—-Held, -on appeal, that as the reference was not for the trial of the action, the court had power to control the proceedings before the referee, .and that the order was therefore proper.
— referee cannot strike out testimony once taken.] Matter of Crooks, 23 Hun, 696. Upon an application for an account of monies collected professionally, a reference was directed, with directions to referee to_report the testimony with opinion. After the accounting party had testified in his own behalf, he failed to appear on a subsequent day of the reference, and thus prevented the completion of his cross-examination.—Held, that the referee had no power to strike out such party’s testimony for his failure to appear for cross-examination.
The court say: “We think that the referee erred under the circumstances in striking out the testimony. It was his duty to have reported all the proceedings had before him, and the failure •of the appellant to appear for cross-examination to the court, and "left the ultimate determination of the proceedings to the decision •of the court.”
— proceedings on the foot of the judgment Savage v. Sherman, 87 N. Y. 277. Upon an application under a decree allowing parties to -apply at the foot of. the decree for further relief, a reference to take.the account of a trustee was ordered and the referee directed to report the proofs and his opinion thereon.—Held, that upon the return of an order to show cause why the report of the referee should not be confirmed, a party to the proceedings could object that a fundamental fact had not been established by any proof taken before the referee, and could support such objection by a ¿sworn denial that the fact existed ; and that his failure to appear on the reference did not preclude him from taking such objection.
The court say : “ The usual way to bring up the question would -have been by exception to the report; but in this case the practice *269 of filing the report and allowing to the parties time to file exceptions, does not seem to have been pursued, but on the contrary an order was made on the filing of the report requiring the parties to' show cause on the next day why it should not be confirmed, and it seems to have been intended that any objection they might, desire to make thereto should be presented on the hearing of that. order.”
Correction notwithstanding failure to except.~\ Willson & Adams Co. v. Schorpp, 41 State Rep. 471. A judgment was obtained for the sale of certain real property and a referee was appointed to sell and pay over the proceeds. By mistake, the referee made a report, by which it appeared that he had retained some of the money.— Held, on motion to compel him to pay over the money, that notwithstanding the expiration of eight days from the filing of such report, the court had power to set it aside and to permit the referee-to make a correct report.
On referetice to “ examine and decide," court may vacate reference and decide itself.] Patten v. Bullard, 3 State Rep. 735. Upon a motion to determine whether the attorney or client was entitled to money in the hands of the sheriff, collected on execution, the court directed a reference to a referee to hear, examine and decide on the questions in dispute. Pending such reference the client acknowledged that he had assigned the judgment to the attorney.—Held, that the court had power, upon the attorney's application, to close, the reference and determine the amount due the attorney.
The court say: “ It was not a reference of an action ; but was a reference under a special motion. The court was therefore still the tribunal to decide the question. The court might vacate the reference and take the matter in its own hands.”
— Sending back report.] Southard v. Franco-American Trading Co., 15 Civ. Pro. R. 112 ; 16 State Rep. 1008. Reference of receiver’s accounts.—Held, that such reference, being in an interlocutory proceeding for the information of the court, the court had a right to send it back to the same referee for further information by the way of additional evidence and other findings ; such reference is not within Code Civ. Pro. § 1011, requiring the court to appoint another referee upon setting aside the former referee’s report.
Reference as to amount to be distributed; exceptions requiredf\ Matter of Guardian Saving Inst., 9 Hun, 267. Under the old chancery practice the report of a referee upon the passage of the; receiver’s accounts would only be reviewed upon petition in an independent proceeding. This practice was, however, abrogated by *270 ■the rule providing in references other than for the trial of issues unless exceptions to the referee’s report are filed within eight days after notice of filing, it shall stand confirmed.
The court say: “ The effect of this rule was to abrogate the practice which had heretofore existed in relation to reports which .did. tiot require cofifirmation, and embraced therefore the report of a referee on passing the accounts of a receiver.”
Platt v. Platt, 13 State Rep. 403. A reference was directed to take proofs and report as to the distribution of proceeds from sale of real estate in partition. Held, that a party who appeared upon .such reference, and who was injuriously affected by the report rendered, was entitled to a notice of the filing of the report, -so as to •enable him to take exceptions to it, is prescribed by Rule 30.
That exceptions to referee’s report are necessary in such a case, see s. c., on former appeal, 115 N. Y. 488.
— report may be set aside or referred back.] Mut. Life Ins. Co. v. Salem, 3 Hun, 117. Upon the coming in of the report and testimony in a reference to ascertain the rights of claimants to surplus moneys produce 1 on a sale under a decree of foreclosure, the court sitting in equity has the most ample power to confirm •or set aside or refer back the same for further proofs as to its conscience shall seem just and equitable.
The court say: “There is hardly any analogy between the •motion for, and the granting of, new trials in actions at law after issues tried, and the exercise by the court of its equitable powers over proceedings of this nature. They are not governed by the same technical rules, but by the wider discretion of equity in seeking to do justice in accordance with its own established rules, without regard to legal technicalities, which do not in the given case receive the approval of the court.”
— co?nputation in forclosure, exceptions requiredl\ People v. Empire Mutual Life Ins. Co., Daily Reg. Oct. 19, 1883. The provision of supreme court Rule 30, that the report of a referee in references other than for the trial of the issues in an action, or for computing the amount due in foreclosure case, shall stand as in all things confirmed unless exceptions are filed within eight days after notice of filing the report.—Held, applicable to the, report of a reference in a proceeding for the settlement of the accounts of a receiver. Hence, on appeal, an order confirming the report can be reviewed only as to exceptions so taken, notwithstanding the notice of appeal says each and every part of the order.
Reference to “ inquire mid report,” “ court may correct incorrect conclusions of law. ”] Austin v. Ahearne, 61 N. Y. 6. A reference in *271 a partition suit “ to inquire and report ” as to the sale of the premises, the liens thereon, etc., is not to be regarded as a reference of the whole issue, but rather as one resorted to under the old practice through the medium of a master in chancery. If, therefore, upon such reference the referee reports correct findings of fact, but erroneous «conclusions of law, the Special Term is not required to send it back for correction, but may without exceptions or independent of them •draw the proper legal conclusions from the facts.
The court say: “ A distinction may be taken between the case where a master should go counter to the evidence and thus deprive •a party of a right by finding facts without sufficient warrant, and the case where he. states all the facts correctly, but is mistaken in the legal consequence of the facts. In the first case, it is proper that ■the report should be sent back for correction. In the second case, the court may draw the legal conclusions without exceptions or independent of them.”
— findings.] Matthews v. Murchison, 14 Abb. N. C. 512, note (Sup’m Ct. Gen. T. 1st Dept. 1883). On a reference to compute the amount of damages on an injunction undertaking it is not necessary, thought it may be sometimes desirable, that the referee should .report his findings of fact or conclusions of law; but the practice is satisfied if he report his conclusions as to the damages sustained with the items of allowance made by him, together with the evidence.
On appeal to the General Term from the confirmation of such report, the court say: “ If the court were, as is usual on questions of fact on the trial of issues, to be governed, where there is conflicting testimony, by the report of the referee, there would certainly be no difficulty in this case in. confirming' the report on that ground. But in cases of this kind it is the duty of the court not to be altogether controlled by a referee’s determination of the questions of fact where the evidence is conflicting, but to investigate and ■satisfy its own judgment upon the testimony and findings, if any there be, with a view to reach a conclusion which satisfies the conscience of the court."
— court tnay examine for itself on motion to confirm without ,exceptions.] Kelly v. Charlier, 18 Abb. N. C. 416. “Upon motion to continue an injunction pe7ide7ite lite, the matter was referred to a referee to take proof of the facts and circumstances, and report the same with his opinion whether the injunction should be made permanent, modified or wholly vacated.” The referee reported the .testimony with an opinion that the injunction should be vacated. <On motion by defendant to confirm the report, and by plaintiff to *272 continue the injunction, Held, that the practice did not authorize the filing of exceptions to such a report nor a motion to overrule exceptions filed and confirm the report.
The court say: “ Under these, circumstances, I am somewhat at a loss to know what the functions and duties of the court are in reference to the matter; but it seems to me very clear that on a-motion to continue a temporary injunction the court does not sit to hear an appeal upon the law and the fact from a decision of the-referee." The court, therefore, being of the opinion that the: circumstances warranted the continuance of the injunction, it disregarded the referee’s report and continued the injunction.